Sean M. Sullivan (State Bar No. 229104)
  seansullivan@dwt.com
Diana Palacios (State Bar No. 290923)
  dianapalacios@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
AAB PRODUCTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIKAL NOIZE, INC.,<br><br>                         Plaintiff,<br><br>         vs.<br><br>AAB PRODUCTIONS, INC., a New York corporation; THE FOUNDATION FOR AIDS RESEARCH, a New York not-for-profit corporation d/b/a amfAR; HARRY WINSTON, INC., a New York corporation; and DOES 1-100, INCLUSIVE,<br><br>                         Defendants. | Case No. **2:16-cv-06528 -GW-MRW**<br><br>**ANSWER TO COMPLAINT BY AAB PRODUCTIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant AAB PRODUCTIONS, INC. ("AAB Productions") hereby responds to the Complaint of plaintiff OPTIKAL NOIZE, INC. ("Plaintiff"):

# I.     NATURE OF ACTION

1.     This action arises out of defendants' failure to pay Plaintiff the fee it is owed for providing creative consulting services.  Plaintiff's services were instrumental in establishing a multi-million dollar partnership between defendants, but the final deal was agreed to behind Plaintiff's back and without rendering any payment for services rendered and contractually agreed upon.

ANSWER:  AAB Productions denies the allegations in paragraph 1.

2.     Defendants AAB Productions and amfAR, on the one hand, and Harry Winston, Inc., on the other, were introduced to one another as having mutually appealing opportunities and resources for sponsorship, respectively, through Plaintiff.

ANSWER:  AAB Productions denies the allegations in paragraph 2.

3.     Defendant The Foundation for AIDS Research (**amfAR**), with the assistance of its agent Defendant AAB Productions, was seeking sponsors for its charity galas.  Defendant Harry Winston, meanwhile, was exploring sponsorship and brand integration opportunities with Plaintiff.

ANSWER:  AAB Productions admits that it seeks sponsors on behalf of The Foundation for AIDS Research ("amfAR").  Except as otherwise admitted, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 and on that basis denies them.

4.     Plaintiff, in order to protect its own interests prior to introducing the parties, AAB into a non-disclosure agreement on behalf of itself and amfAR.  All parties involved herein agreed that Plaintiff would receive a consulting fee based on

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the final deal's value, in exchange for providing a deal lead and serving as the intermediary between the two sides.

ANSWER:  AAB Productions admits that it, on its own behalf, entered into a non-disclosure agreement ("NDA") with Plaintiff.  Except as otherwise admitted, to the extent the allegations in this paragraph are directed against AAB Productions, AAB Productions denies the allegations in paragraph 4.  To the extent the allegations in paragraph 4 are directed against defendants other than AAB Productions, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and on that basis denies them.

5.     Plaintiff did introduce and facilitate negotiations between Harry Winston and amfAR regarding long-term sponsorship opportunities, including a multi-year 1.25 million dollar proposal.  However, the Defendants then broke their promises to Plaintiff by surreptitiously engaging in direct negotiations and agreeing to a 53-million dollar partnership deal, all without Plaintiff or paying Plaintiff's commission.  They, have refused to pay Plaintiff anything and have rebuffed Plaintiff's efforts to resolve the dispute without litigation.  This lawsuit seeks redress for the consulting fees owed, along with other damages that have resulted from the defendants' circumventing deal.

ANSWER:  Paragraph 5 contains legal conclusions to which no answer is required.  To the extent an answer may be required, and to the extent the allegations in this paragraph are directed against AAB Productions, AAB Productions denies the allegations in paragraph 5.  To the extent an answer may be required, and to the extent the allegations in paragraph 5 are directed against defendants other than AAB Productions, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and on that basis denies them.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.    PARTIES

6.    Plaintiff Optikal Noize, Inc. (**Plaintiff or ON**) is a corporation incorporated and existing under the laws of the State of California with its principal place of business in Los Angeles, California.  ON is a creative consulting agency that helps integrate premium brands into special projects and events.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 and on that basis denies them.

7.    Nancy Epao Cihlar (**Epao**) is ON's CEO and Andreas Kutzer (**Kutzer**) is ON's Vice President.  Both worked in these capacities at all times relevant to this lawsuit.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and on that basis denies them.

8.    Defendant Harry Winston, Inc. is a New York corporation doing business in California, Ham Winston, which is owned by the Swiss company, The Swatch Group Ltd. (**TSG**), sells luxury jewelry and watches, Fadi Ghalayini is, and at all times relevant to this lawsuit was, Harry Winston's Global Vice President of Sales.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and on that basis denies them.

9.    Defendant The Foundation for AIDS Research dba amfAR is and was, at all times relevant to this lawsuit, an international nonprofit organization headquartered in New York which holds fundraisers and events in California,

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant amfAR is dedicated to AIDS/HIV research, education, and advocacy. Mr. Shameek Bose was at all times relevant to this lawsuit amfAR's Business Partnerships Manager.

ANSWER:   AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies them.

10.     Defendant AAB Productions, Inc. ("**AAB**") is and was, at all times relevant to this lawsuit, a New York event planning and production corporation doing business in California, Andrew Boose ("**Boose**") is, and at all times relevant to this lawsuit was, AAB's CEO.

ANSWER:   AAB Productions admits that it is an event management company with its principal place of business in New York and that it has planned events in California.  AAB further admits that Andrew Boose is AAB Productions' President. Except as otherwise admitted, AAB Productions denies the allegations in paragraph 10.

11.     Defendants Harry Winston, amfAR, and AAB and their respective agents are sometimes collectively referred to in this Complaint as the defendants or Defendants.

ANSWER:   Paragraph 11 contains legal conclusions to which no answer is required.  To the extent an answer may be required, AAB Productions admits that the complaint refers to Defendants Harry Winston, amfAR, and AAB collectively as the defendants or Defendants.

12.     Other wrongful acts and/or omissions constituting breach by the Defendants are presently unknown, but will be proven at trial.  If necessary, ON may

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 seek leave of court to amend this complaint once such additional facts are ascertained
2 through discovery.

3      ANSWER:  Paragraph 12 contains legal conclusions to which no answer is
4 required.  To the extent an answer may be required, AAB Productions denies the
5 allegations in paragraph 12.

6

7      13.      Plaintiff ON is currently unaware of the true names and capacities of
8 defendants sued herein as Does 1 through 100, inclusive, and therefore sues
9 defendants by such fictitious names.  ON will amend this Complaint to allege their
10 true names and capacities when ascertained.  ON alleges that each of the fictitiously
11 named defendants is responsible in some manner for the occurrences herein alleged,
12 and that ON's damages were proximately caused by those defendants.  Each
13 reference in this Complaint to "defendant", "defendants", "Defendants" or a
14 specifically named defendant, refers also to all defendants sued under fictitious
15 names.

16      ANSWER:  Paragraph 13 contains legal conclusions to which no answer is
17 required.  To the extent an answer may be required, AAB Productions denies the
18 allegations in paragraph 13.

19

20      14.      At all times herein mentioned, each of the Defendants, including all
21 defendants sued under fictitious names, was the agent and/or employee of each of the
22 remaining defendants, and in doing the things hereinafter alleged, was acting within
23 the course and scope of his/her/its agency and/or employment.

24      ANSWER:  Paragraph 14 contains legal conclusions to which no answer is
25 required.  To the extent an answer may be required, AAB Productions denies the
26 allegations in paragraph 14.

27

28

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### III.   JURISDICTION & VENUE

15.   The Superior Court of California for the County of Los Angeles has jurisdiction over this matter, and is one correct venue for this action, because the Defendants engaged Plaintiff, a California corporation based within the County of Los Angeles, to provide consulting services, which services were rendered in the County of Los Angeles.  Moreover, pursuant to a non-disclosure agreement, Defendants amfAR and AAB agreed that Los Angeles would serve as the exclusive venue in event of dispute. Also, on information and belief, each of the Defendants has recurring business activity in the County of Los Angeles.

ANSWER:  Paragraph 15 contains legal conclusions to which no answer is required.  To the extent an answer may be required, AAB Productions alleges that this lawsuit has been properly removed to the United States District Court, Central District of California, which has jurisdiction over this matter.  Except as otherwise alleged, to the extent the allegations in this paragraph are directed against AAB Productions, AAB Productions denies the allegations in paragraph 15.  To the extent the allegations in paragraph 15 are directed against defendants other than AAB Productions, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and on that basis denies them.

16.   The amount of damages alleged in this controversy falls within the unlimited jurisdiction of this court.

ANSWER:  Paragraph 16 contains legal conclusions to which no answer is required.  To the extent an answer may be required, AAB Productions does not contest that the amount in controversy alleged in the Complaint falls within the jurisdiction of the United States District Court, Central District of California.

17.   The Superior Court of Los Angeles County has personal jurisdiction over each of the defendants herein because defendants were aware that ON was a

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California corporation, doing business in California, and indeed knew that the performance of their obligations to ON was due in California.

ANSWER:  Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is required, AAB Productions does not contest that this Court has personal jurisdiction over it for the purposes of this action.  Except as otherwise stated, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 and on that basis denies them.

## IV.   GENERAL ALLEGATIONS

**A.    The NDA between ON and AAB on behalf of amfAR[1]**

18.    Plaintiff ON is a creative consulting agency that specializes in integrating luxury brands into international charity and entertainment events through sponsorships or other support.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 and on that basis denies them.

19.    On or about April 19, 2013, ON contacted amfAR's Shameek Bose and AAB's Andrew Boose to discuss sponsorship opportunities for amfAR's international charity galas. Discussions continued between ON, AAB, and amfAR through the end of April 2013, but no deal came to fruition during this timeframe.

ANSWER:  AAB Productions admits that Plaintiff contacted Mr. Boose in April 2013 to discuss a potential sponsorship deal and further admits that no deal came to fruition.  Except as otherwise admitted, AAB Productions lacks sufficient

---

[1] AAB Productions adopts the headings from the Complaint for ease of reference only.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

knowledge or information to form a belief as to the truth of the allegations in paragraph 19 and on that basis denies them.

20.     On <u>September 20, 2013</u>, ON's Andreas Kutzer sent an email to AAB's Boose to resume discussions with amfAR.

<u>ANSWER</u>:  AAB Productions admits that on September 20, 2013, Mr. Boose received an email from Andreas Kutzer that mentioned that Mr. Kutzer had clients who were interested in a Cannes event.  Except as otherwise admitted, AAB Productions denies the allegations in paragraph 20.

21.     In order to safely discuss details about sponsorship and partnership opportunities without compromising ON's confidential business information or services, ON informed amfAR's Bose that it required amfAR to covenant not to disclose or act on any opportunity without first obtaining ON's consent or paying ON's consulting fee.

<u>ANSWER</u>:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 and on that basis denies them.

22.     In discussing amfAR's partnership opportunities, Bose directed ON to communicate directly with Boose at AAB.  AAB was also listed on amfAR's website as amfAR's exclusive agent for sponsorships and partnerships.

<u>ANSWER</u>:  AAB Productions specifically denies that it was ever amfAR's "exclusive agent."  Regarding the remaining allegations in paragraph 22, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and on that basis denies them.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

23.     On October 2, 2013, a non-circumvention, non-disclosure and compensation agreement ("**NDA**") was executed between Epao and Kutzer on behalf of ON, and Boose on behalf of AAB and amfAR.

ANSWER:  AAB Productions admits that on or about October 2, 2013, Mr. Boose executed a document entitled a "Non-Circumvention, Non-Disclosure and Compensation Agreement" (the "NDA") that was also executed by Ms. Epao Cihlar and Mr. Kutzer.  Except as otherwise admitted, AAB Productions denies the allegations in paragraph 23.

24.     The NDA explicitly contemplates that its purpose is to start a working business relationship in which ON would introduce and engage a potential sponsor for AAB's production of amfAR galas and events in exchange for a fee.  The NDA expressly required AAB to keep all information about ON's business sources and affiliates strictly confidential, unless AAB had a pre-existing relationship with the source, or unless ON gave written authorization.

ANSWER:  AAB Productions admits that the NDA provides that Plaintiff "is desirous of introducing and engaging promising and one potential sponsor to AAB and its productions of amfAR Galas and Events Worlwide[.]"  AAB Productions further admits that the NDA provides that "AAB further undertake not to enter into business transaction with the source, that has been provided by [Plaintiff] to this agreement, unless AAB shall already have a relationship with source or unless written permission has been obtained from [Plaintiff] to do so."  Except as otherwise admitted, AAB Productions denies the allegations in paragraph 24.

**B.     Harry Winston's Independent Engagement of ON**

25.     Separately, ON had been presenting sponsorship opportunities to TSG for several years.  In or about 2013, Harry Winston, a subsidiary of TSG, engaged ON to provide consulting services and use ON's industry expertise to find

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

sponsorship opportunities.  As discussed below, Harry Winston was' aware of and agreed to pay ON's consulting fee.  The fee was contingent and would be paid by Harry Winston in the event an opportunity presented by ON was pursued and ultimately consummated by Harry Winston.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and on that basis denies them.

26.     On <u>September 26, 2013</u>, ON's Epao sent an email to Harry Winston's Ghalayini regarding two potential sponsorship opportunities for Harry Winston.  The first opportunity pertained to international galas presented by The Eva Longoria / The Global Gift Foundations (together, "**GGF**"). The second opportunity pertained to galas presented by amfAR.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and on that basis denies them.

27.     Prior to this email, Epao and Ghalayini had met over the phone, and the parties spoke numerous times after this email through a variety of means of communication.  Neither Ghalayini nor anyone else at Harry Winston ever cited a pre-existing relationship with amfAR.  Nor did they indicate in any way whatsoever that they were already in negotiations with amfAR – which would have been the natural reaction of any party who was hiring a consultant to introduce it to new consulting opportunities, but instead was introduced to an old one.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and on that basis denies them.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

28.     On <u>October 1, 2013</u>, Ghalayini sent ON an email stating that Harry Winston was interested in serving as the exclusive jewelry and watch brand for four amfAR gala events totaling $900,000, and asking ON "Please also see here what can be done.... This is a long term partnership and we would like to make it work."

<u>ANSWER:</u>   AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and on that basis denies them.

29.     The following day, ON and AAB executed the NDA, and ON took steps to form a partnership between Harry Winston and AAB/amfAR (the "**amfAR Partnership**").

<u>ANSWER:</u>   AAB Productions admits that on or about October 2, 2013, Mr. Boose executed a document entitled a "Non-Circumvention, Non-Disclosure and Compensation Agreement" (the "NDA") that was also executed by Ms. Epao Cihlar and Mr. Kutzer.  Except as otherwise admitted, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and on that basis denies them.

30.     At various stages, ON alternated communications between AAB and amfAR regarding amfAR events.  For example, on <u>October 9, 2013</u>, AAB's Boose sent Kutzer an email regarding, among other opportunities, a tentatively proposed agreement for sponsorship of an amfAR India event in November 2013.

<u>ANSWER:</u>   AAB Productions admits that Mr. Boose sent Kutzer an email on October 9, 2013 regarding possible sponsorship opportunities.  Except as otherwise admitted, AAB Productions denies the allegations in paragraph 30.

31.     Then, on <u>October 15, 2013</u>, amfAR's Bose and Kutzer exchanged several emails, including an email attaching a sample contract outlining amfAR's

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

terms for a sponsorship with Harry Winston.  Bose advised in the email message that, "[o]nce you can confirm 100% the partnership with Harry Winston we can discuss any commissions," AAB was not copied on the October 15 email exchange; apparently amfAR was ignorant of the agreement AAB had made with ON.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 and on that basis denies them.

## C.    The GGF-Harry Winston Partnership

32.    While ON was developing Harry Winston's opportunity to partner with amfAR, it simultaneously developed and ultimately succeeded in bringing Harry Winston together with GOP for a partnership worth $600,000 (the "**GGF Partnership**").

ANSWER:.  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 and on that basis denies them.

33.    In the lead-up to and during the GOP Partnership, ON repeatedly explained its fee structure to Harry Winston, including in a September 30, 2013 email from Epao to Ghalayani stating that:  "Should Harry Winston enter into this agreement, Optikal Noize Inc. would humble [sic] ask for an agency fee of 10% of the final budget."

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and on that basis denies them.

34.    On November 29, 2013, Epao emailed Ghalayani ON's invoice for its ten percent consulting fee for services provided in connection with the GOP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Partnership.  Harry Winston – admitting its obligation to ON and demonstrating its awareness of the terms of the parties' agreement – timely paid this consulting fee, which was $60,000, or ten percent of the $600,000 sum.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and on that basis denies them.


35.    Subsequently, ON discovered that GGF intentionally misrepresented its charity status in the United States to both ON and Harry Winston, and that the founder and CEO of The Global Gift Foundation had a history of international financial fraud.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 and on that basis denies them.


36.    Although ON was as ignorant as Harry Winston of GGF's material misrepresentations, Epao notified Ghalayini in writing of GGF's actions.  This was done in order for ON to maintain complete transparency with its client.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and on that basis denies them.


37.    On December 10, 2013, Epao met in New York with members of the Harry Winston marketing teams, including Ghalayini.  The parties mutually agreed to take steps to end the GGF Partnership, and discussed details regarding the amfAR opportunity.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  ANSWER:  AAB Productions lacks sufficient knowledge or information to

2  form a belief as to the truth of the allegations in paragraph 37 and on that basis denies

3  them.

4

5  **D.     The amfAR-Harry Winston Partnership**

6       38.     On <u>February 14, 2014</u>, Kutzer sent Bose an email proposal expressing

7  Harry Winston's interest in serving as the exclusive jewelry and watch sponsor for

8  amfAR for two event series for a minimum of two years (2015 and 2016).  Kutzer's

9  email included proposed sponsorship levels for eight events totaling $1.25 million.

10      ANSWER:  AAB Productions lacks sufficient knowledge or information to

11 form a belief as to the truth of the allegations in paragraph 38.

12

13      39.     The proposal detailed that, if amfAR agreed to Harry Winston's

14 proposal, ON would send a Letter of Interest/Intent from Harry Winston to amfAR,

15 and the sides would work toward finalizing the agreement. Once a final draft of the

16 agreement was consummated, ON would schedule a meeting between Harry Winston

17 and amfAR to sign the contract and start discussing event planning topics.

18      ANSWER:  AAB Productions lacks sufficient knowledge or information to

19 form a belief as to the truth of the allegations in paragraph 39 and on that basis denies

20 them.

21

22      40.     Kutzer's February 14 email identified ON's continuing role in the

23 amfAR Partnership:

24            Optikal Noize, the creative agency for Harry Winston / The

25            Swatch Group / amfAR partnerhsip [sic], will remain your

26            main contact and will handle all details for this integration.

27            I would like to discuss with you an agency fee which

28            includes covering our costs for travels expenses and our

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

services for the duration of this partnership, We would look
at a 5% commission from amfAR should this agreement
gets signed, let's discuss.  However, as I have stated to you
before, we are open to discussing a number that works well
for us both as we are excited and looking forward to
forging a new relationship with amfAR to benefit all
involved.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 and on that basis denies them.

41.  Kutzer confirmed over a telephone call with Bose that the ON commission rate would be 15% of the deal, not 5%, as was mistakenly cited in the email.  At no point did Bose dispute, either over the telephone or via email, that amfAR would pay ON a commission fee.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 and on that basis denies them.

42.  From late February to early March 2014, ON and amfAR exchanged multiple entails to plan a meeting to continue brainstorming Harry Winston sponsorship possibilities, with key figures from both ON and amfAR attending.  The meeting was scheduled for March 18, 2014; however, that meeting was cancelled.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 and on that basis denies them.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

43.     At all relevant times, orally, in writing, and by their conduct, the Defendants held themselves out in a manner that they were acting in good faith and complying with the terms of their respective agreements with ON.

ANSWER:   AAB Productions admits that all times it was acting in good faith and complied with the NDA.  Except as otherwise admitted, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 and on that basis denies them.

44.     On or about <u>March 27, 2014</u>, ON learned that AAB and amfAR had engaged in direct sponsorship and partnership negotiations with Harry Winston.

ANSWER:   AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 and on that basis denies them.

45.     On or about <u>April 8, 2014</u>, amfAR cancelled a meeting with ON, stating that the meeting would be postponed until the GGF Partnership between Harry Winston and GGF was resolved.  But Harry Winston and ON's agreement relative to the amfAR sponsorship opportunity was not conditions on any other matters precedent or subsequent – except for the consummation of a Harry Winston-amfAR partnership.

ANSWER:   AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 and on that basis denies them.

46.     In January 2015, *Forbes* reported that Harry Winston announced a milestone $53 million partnership with amfAR, an agreement that represented the single largest corporate partnership in amfAR's history.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**ANSWER:**  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 and on that basis denies them.

47.     ON has corresponded with each of the Defendants in an attempt to collect on its consulting fees with respect to the amfAR Partnership, but all the Defendants have refused to pay ON their financial obligation to it.

**ANSWER:**  AAB Productions admits that Plaintiff has demanded that AAB Productions pay Plaintiff's consulting fees.  Except as otherwise admitted, AAB Productions denies the allegations in paragraph 47.

## V.     FIRST CAUSE OF ACTION FOR BREACH OF EXPRESS ORAL AND WRITTEN CONTRACT

### (Plaintiff v. AAB, amfAR, and Does 1-100, inclusive)

48.     Plaintiff hereby incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs.

**ANSWER:**  AAB Productions incorporates and realleges its responses set forth in paragraphs 1 through 47 above as if fully set forth here.

49.     The NDA is a written contract which ON entered into with AAB and amfAR on October 2, 2013.  Andrew Boose signed the NDA on behalf of both AAB and amfAR, per Shameek Bose's request to have ON work through AAB regarding potential business opportunities with amfAR.

**ANSWER:**  AAB Productions admits that on or about October 2, 2013, Mr. Boose executed a document entitled a "Non-Circumvention, Non-Disclosure and Compensation Agreement" (the "NDA") that was also executed by Ms. Epao Cihlar and Mr. Kutzer.  Except as otherwise admitted, AAB Productions lacks sufficient

17

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

knowledge or information to form a belief as to the truth of the allegations in paragraph 49.

50.     The NDA explicitly noted in the opening paragraphs that the agreement was being created in order for ON to introduce a potential sponsor to AAB for amfAR galas and events.

ANSWER:  AAB Productions admits that the NDA provides that Plaintiff "is desirous of introducing and engaging promising and one potential sponsor to AAB and its productions of amfAR Galas and Events Worlwide[.]"  Except as otherwise admitted, AAB Productions denies the allegations in paragraph 50.

51.     The NDA required, among other things, that AAB, on its own behalf and impliedly on amfAR's behalf since it was acting as amfAR's event production agent, would not solicit or accept any business from ON's source or source "Affiliates" without ON's express written authorization.  AAB agreed not to share the contact information of ON's source with third parties or correspond with the source.

ANSWER:  AAB Productions admits that the NDA provides that "AAB further undertake not to enter into business transaction with the source, that has been provided by [Plaintiff] to this agreement, unless AAB shall already have a relationship with source or unless written permission has been obtained from [Plaintiff] to do so."  AAB further admits that the NDA provides that "AAB will not disclose names, addresses, email address, telephone and telefax or telex numbers to any contacts by [Plaintiff] to third parties[.]"  Except as otherwise admitted, AAB Productions denies the allegations in paragraph 51.

52.     Further, under ¶ I.D of the NDA, AAB agreed that, unless AAB had a pre-existing relationship with the source, or unless ON gave prior written

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

authorization, AAB would not to seek to enter into a "business transaction with the source, that has been provided by ON to this agreement" and AAB also agreed "not to make use of a third party to circumvent this clause."

ANSWER:  AAB Productions admits that the NDA contains the quoted language.  AAB Productions further admits that the NDA provides that "AAB further undertake not to enter into business transaction with the source, that has been provided by [Plaintiff] to this agreement, unless AAB shall already have a relationship with source or unless written permission has been obtained from [Plaintiff] to do so."  Except as otherwise admitted, AAB Productions denies the allegations in paragraph 52.

53.     Under ¶ I.E of the NDA, if AAB circumvented the NDA, whether directly or indirectly, then ON would be entitled to its maximum service fee, plus all expenses.  Although the NDA did not establish ON's exact commission, AAB agreed under ¶ I.F of the NDA that ON would be owed a commission, which the parties would agree to on a case-by-case basis.

ANSWER:  AAB Productions admits that the NDA provides that "in the event of circumvention of this Agreement by AAB, directly or indirectly, [Plaintiff] shall be entitled to a legal monetary penalty equal to the maximum service it should realize such a transaction plus any and all expenses[.]"  AAB Productions further admits that the NDA provides that "AAB hereby agree that the commission will be agreed upon case by case and documented in a separate agreement."  Except as otherwise admitted, AAB Productions denies the allegations in paragraph 53.

54.     ON subsequently orally agreed with both AAB and amfAR that ON would provide sources and opportunities for sponsorships and partnerships of various amfAR fundraising events. In exchange, ON's consulting services would be paid via commission.  The commission was not a fixed amount, but rather was a contingent

fee equaling 15% of the value of any deal between amfAR/AAB and another sponsoring party. Since the commission was contingent, it would be paid only on entry to a partnership or sponsorship deal by amfAR/AAB and a third party.

ANSWER:  To the extent the allegations in this paragraph are directed against AAB Productions, AAB Productions denies the allegations in paragraph 54.  To the extent the allegations in paragraph 54 are directed against defendants other than AAB Productions, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 and on that basis denies them.

55.    The fact ON would receive a consulting commission fee was acknowledged by amfAR.  On October 15, 2013, Bose advised via email that, once ON could confirm the partnership with Harry Winston, "we can discuss any commissions."  Then, on February 14, 2014, Kutzer and Bose confirmed that ON would receive a fifteen percent commission on the deal with Harry Winston, which at that time was valued at 1.25 million dollars.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55.

56.    ON performed all duties required of it under the NDA and oral contract between AAB and amfAR, and neither of the Defendants were excused from performing their contractual obligations.

ANSWER:  AAB Productions denies the allegations in paragraph 56.

57.    ON's duties consisted of providing consulting services and mutual beneficial business opportunities to AAB and amfAR, including by introducing Harry Winston as a lead. In reliance on the covenants made by AAB and amfAR in the NDA and in subsequent conversations, ON revealed Harry Winston as a proposed

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

sponsor for amfAR events in 2013 and beyond, laying the groundwork for what all parties hoped would become a long-term partnership.

ANSWER:   To the extent the allegations in this paragraph are directed against AAB Productions, AAB Productions denies the allegations in paragraph 57.  To the extent the allegations in paragraph 57 are directed against defendants other than AAB Productions, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 and on that basis denies them.

58.    The information that ON disclosed was highly confidential and proprietary, in that it included, among other things, specific deal leads and opportunities that were not known to the general public.  Neither AAB nor amfAR identified that they had a prior existing relationship with Harry Winston.

ANSWER:   Paragraph 58 contains legal conclusions to which no answer is required.  To the extent an answer may be required, and to the extent the allegations in this paragraph are directed against AAB Productions, AAB Productions denies the allegations in paragraph 58.  To the extent an answer may be required, and to the extent the allegations in paragraph 58 are directed against defendants other than AAB Productions, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58 and on that basis denies them.

59.    ON took all reasonable and prudent precautions, including by the execution of the NDA, to keep confidential information regarding its sources secret and protect this information from unauthorized use.

ANSWER:   Paragraph 59 contains legal conclusions to which no answer is required.  To the extent an answer may be required, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 and on that basis denies them.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

60.     Defendants AAB and amfAR breached their obligations under the NDA and oral contract by engaging directly in negotiations with Harry Winston, and then agreeing to a 53 million dollar partnership, all without ON's prior written authorization or payment to ON.  Without ON's services, neither AAB nor amfAR would have been aware of or able to procure this partnership with Harry Winston.

ANSWER:  Paragraph 60 contains legal conclusions to which no answer is required.  To the extent an answer may be required, AAB Productions denies the allegations in paragraph 60.

61.     ON's consulting fee, based on a fifteen percent commission of the ultimate deal, would be 7.95 million dollars, or fifteen percent of 53 million dollars, However, AAB and amfAR have refused to pay ON anything for its services, instead insisting that Harry Winston owed ON its entire fee.

ANSWER:  AAB Productions denies the allegations in paragraph 61.

62.     No amount of reasonable protections could have prevented the Defendants' breaches of the NDA and oral agreements, which were willful and deliberate, and in utter and conscious disregard of the contractual terms and ON's rights.

ANSWER:  Paragraph 62 contains legal conclusions to which no answer is required.  To the extent an answer may be required, AAB Productions denies the allegations in paragraph 62.

63.     Because of the breaches by AAB and amfAR of their NDA and oral agreements with ON, ON has been injured as a consequence of the fact that ON's trade secrets and information have been used without ON's consent and without compensation.

ANSWER:  AAB Productions denies the allegations in paragraph 63.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

64.     As a direct result of the Defendants' breaches of the NDA and oral contract, ON has been damaged in an amount to be determined at trial, but believed to exceed 7.95 million dollars between AAB and amfAR collectively, together with interest thereon.

ANSWER:  AAB Productions denies the allegations in paragraph 64.

## VI.     SECOND CAUSE OF ACTION FOR BREACH OF EXPRESS ORAL CONTRACT

### (Plaintiff v. Ham Winston, and Does 1-100, inclusive)

65.     Plaintiff hereby incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs.

ANSWER:  AAB Productions incorporates and realleges its responses set forth in paragraphs 1 through 64 above as if fully set forth here.

66.     ON and Harry Winston initially met over the phone in approximately September 2013, and on September 29, 2013, Epao sent an email to Ghalayani containing, among other things, information regarding a potential sponsorship with amfAR.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66 and on that basis denies them.

67.     Ghalayini sent an email to Epao on October 1, 2013 indicating that Harry Winston was interested in being the exclusive jewelry and watch sponsor for select amfAR events, and ON executed the NDA with AAB/amfAR the next day.

ANSWER:  AAB Productions admits that on or about October 2, 2013, Mr. Boose executed a document entitled a "Non-Circumvention, Non-Disclosure and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Compensation Agreement" (the "NDA") that was also executed by Ms. Epao Cihlar

2  and Mr. Kutzer.  Except as otherwise admitted, AAB Productions lacks sufficient

3  knowledge or information to form a belief as to the truth of the allegations in

4  paragraph 67 and on that basis denies them.

5

6      68.    During these conversations and in ensuing discussions, ON and Harry

7  Winston orally agreed that ON would locate high-profile event sponsorship

8  opportunities for Harry Winston in exchange for a consulting fee of ten percent of a

9  consummated deal.  This oral agreement is shown by the writings and conduct of the

10  parties.

11      ANSWER:   AAB Productions lacks sufficient knowledge or information to

12  form a belief as to the truth of the allegations in paragraph 68 and on that basis denies

13  them.

14

15      69.    ON's consulting services included introducing, creating, and fostering a

16  business relationship between Harry Winston and AAB/amfAR, ON was also the

17  main contact for handling Harry Winston's brand integration into any gala or event

18  that Harry Winston decided to pursue.  The parties orally agreed that ON would serve

19  in this intermediary role before, during, and after each event, and that Harry Winston

20  would not independently communicate with the host organization.

21      ANSWER:   AAB Productions lacks sufficient knowledge or information to

22  form a belief as to the truth of the allegations in paragraph 69 and on that basis denies

23  them.

24

25      70.    The consulting fee was a ten percent commission contingent on a

26  successful deal.  If ON had been unable to consummate a sponsorship or partnership

27  between Harry Winston and AAB/amfAR, then ON would have no claim to any fee.

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 70 and on that basis denies them.

71.     ON performed the responsibilities required of it under this agreement, and Harry Winston was not excused from performing their obligations.  However, subsequent to ON's performance per their agreement, Harry Winston has used the controversy surrounding the GGF Partnership as a pretense for circumventing ON relative to the amfAR Partnership.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 71 and on that basis denies them.

72.     Without ON's services, Harry Winston would not have been aware of or able to procure a partnership with AAB/amfAR.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72 and on that basis denies them.

73.     Harry Winston breached its obligations under the oral contract with ON by engaging directly in negotiations with AAB and amfAR; and then agreeing to a 53 million dollar partnership, all without ON's prior written authorization or payment to ON.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 and on that basis denies them.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

74.     This partnership came after ON had sent a similar but smaller proposal of 1.25 million dollars to amfAR on behalf of Harry Winston.  In short, Harry Winston did consummate a deal with AAB/amfAR, but did so behind ON's back and in direct contravention of the contract the parties had agreed to.

ANSWER:  AAB Productions denies that it "consummated a deal" with Harry Winston.  Regarding the other allegations in paragraph 74, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 74 and on that basis denies them.

75.     Because of Harry Winston's breaches, ON has been injured as a consequence of the fact that ON's trade secrets and information have been used without ON's consent and without compensation.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 and on that basis denies them.

76.     No amount of reasonable protections could have prevented Harry Winston's breaches of its oral agreement with ON, which was willful and deliberate, and in utter and conscious disregard of the contractual terms and ON's rights.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 and on that basis denies them.

77.     ON's consulting fee, based on a ten percent commission of the amfAR Partnership, is 5.3 million dollars, or ten percent of 53 million dollars.  Despite ON's demands, Harry Winston has refused to pay ON anything for its services.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1      <u>ANSWER</u>:  AAB Productions lacks sufficient knowledge or information to
2  form a belief as to the truth of the allegations in paragraph 77 and on that basis denies
3  them.
4
5      78.    As a direct result of Harry Winston's breaches, ON has been damaged in
6  an amount to be determined at trial, but believed to exceed 5.3 million dollars,
7  together with interest thereon.
8      <u>ANSWER</u>:  AAB Productions lacks sufficient knowledge or information to
9  form a belief as to the truth of the allegations in paragraph 78 and on that basis denies
10  them.
11

## VII.  THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED-IN-FACT
## CONTRACT

14      *(Plaintiff v. Harry Winston, and Does 1-100, inclusive)*
15      79.    Plaintiff hereby incorporates by reference and realleges each of the
16  allegations set forth in the preceding paragraphs.
17      <u>ANSWER</u>:  AAB Productions incorporates and realleges its responses set
18  forth in paragraphs 1 through 78 above as if fully set forth here.
19

20      80.    In performing the acts and engaging in the conduct of agreeing ON
21  would not be circumvented and would be paid for its role in the Harry Winston-
22  amfAR partnership, as described above, ON and Harry Winston manifested an
23  intention to enter into an agreement whereby ON would provide creative consulting
24  services, and Hany Winston would pay a commission fee if and when a deal was
25  completed.
26      <u>ANSWER</u>:  AAB Productions lacks sufficient knowledge or information to
27  form a belief as to the truth of the allegations in paragraph 80 and on that basis denies
28  them.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

81.     Such acts and conduct included, but were not limited to:  Epao advising Harry Winston multiple times via email that ON's fee was ten percent of the final deal's budget; the parties' discussion of payment structuring and terms; and Harry Winston's payment of ON's ten percent fee in the GGF Partnership; which was a similar gala sponsorship deal.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81 and on that basis denies them.

82.     Harry Winston performed these acts and conduct with the intent to manifest its intention to form an agreement with ON, who understood said intent and acted with its own intent to enter into the agreement.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 82 and on that basis denies them.

83.     At no time did Harry Winston conclusively manifest an intent to ON that it intended to break the agreement, until its betrayal of ON, as alleged above.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83 and on that basis denies them.

84.     The fact Harry Winston paid ON its ten percent consulting fee in connection with the GGF Partnership shows a course of conduct between the parties and Harry Winston's understanding that ON earned its consulting fee via commission on closed deals.

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84 and on that basis denies them.

85.     This conduct created an implied-in-fact agreement because the parties, by their words, intentions, and actions, knew or should have known that the other party would interpret future conduct as an agreement whereby ON would provide services to Harry Winston, in exchange for a commission based on business opportunities that were presented, pursued, and consummated.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 85 and on that basis denies them.

86.     ON performed the responsibilities required of it under this agreement, and Harry Winston was not excused from performing their obligations.  However, subsequent to ON's performance per their agreement, Harry Winston has used the controversy surrounding the GOP Partnership as a pretense for circumventing ON relative to the amfAR Partnership.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86 and on that basis denies them.

87.     Harry Winston breached its obligations to ON by engaging directly in negotiations with AAB and amfAR, and then agreeing to a 53 million dollar partnership, all without ON's prior written authorization or payment to ON.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 and on that basis denies them.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

88.     Because of Harry Winston's breaches, ON has been injured as a consequence of the fact that ON's trade secrets and information have been used without ON's consent and without compensation.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88 and on that basis denies them.

89.     No amount of reasonable protections could have prevented Harry Winston's breaches of its implied-in-fact contract with ON, which was willful and deliberate, and in utter and conscious disregard of the terms and ON's rights.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89 and on that basis denies them.

90.     ON's consulting fee, based on a ten percent commission of the amfAR Partnership, would be 5.3 million dollars, or ten percent of 53 million dollars. Despite ON's demands, Harry Winston has refused to pay ON anything for its services.

ANSWER:  AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90 and on that basis denies them.

91.     As a direct result of Harry Winston's breaches, ON has been damaged in an amount to be determined at trial, but believed to exceed 5.3 million dollars, together with interest thereon.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    <u>ANSWER</u>:  AAB Productions lacks sufficient knowledge or information to

2  form a belief as to the truth of the allegations in paragraph 91 and on that basis denies

3  them.

4

5

6  **VIII.  FOURTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE**

7  **WITH PROSPECTIVE ECONOMIC RELATIONS**

8  ***(Plaintiff v. AAB, amfAR, and Does 1-100, inclusive)***

9    92.    Plaintiff hereby incorporates by reference and realleges each of the

10  allegations set forth in the preceding paragraphs.

11    <u>ANSWER</u>:  AAB Productions incorporates and realleges its responses set

12  forth in paragraphs 1 through 91 above as if fully set forth here.

13

14    93.    As a result of the various agreements between the parties, including the

15  NDA, an economic relationship existed between ON and the Defendants relating to

16  the amfAR Partnership, which such prospective deal would probably have resulted in

17  an economic benefit to ON.

18    <u>ANSWER</u>:  AAB Productions denies the allegations in paragraph 93.

19

20    94.    Since ON introduced Harry Winston and AAB/amfAR to each other and

21  since ON played a similar "matchmaking" and intermediary role with respect to each

22  party, the Defendants knew of the existence of ON's respective economic

23  relationship with the other Defendant(s), and all Defendants were aware of the fact

24  ON would be obligated to be compensated for its services if Harry Winston and

25  amfAR agreed to a sponsorship or partnership.  Through the NDA, emails, and

26  conversations in person and over the phone, the Defendants each represented that

27  they would not circumvent ON in any prospective deal of which ON provided them,

28  and would not cut ON out from its commission fee from said deal.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER:  AAB Productions admits that the NDA provides that "AAB further undertake not to enter into business transaction with the source, that has been provided by [Plaintiff] to this agreement, unless AAB shall already have a relationship with source or unless written permission has been obtained from [Plaintiff] to do so."  Except as otherwise admitted, to the extent the allegations in this paragraph are directed against AAB Productions, AAB Productions denies the allegations in paragraph 94.  Except as otherwise admitted, to the extent the allegations in paragraph 94 are directed against defendants other than AAB Productions, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 94 and on that basis denies them.

95.     The Defendants nonetheless secretly communicated with each other and formed the amfAR Partnership behind ON's back.  The Defendants designed their wrongful conduct knowing it would circumvent ON's role in the amfAR Partnership, and intending and knowing that their prospective deal was certain or substantially certain to inure to their exclusive benefit, and the harm of ON.

ANSWER:  AAB Productions denies the allegations in paragraph 95.

96.     ON was harmed because its role in the amfAR Partnership was disrupted; ON was cut out of its duly earned commission.  The Defendants' wrongful conduct was a substantial factor in causing ON's harm.

ANSWER:  AAB Productions denies the allegations in paragraph 96.

97.     Furthermore, the Defendants engaged in the above-described actions in an oppressive, fraudulent, and malicious manner.  Their conduct, therefore, warrants the imposition and award of punitive damages.

ANSWER:  AAB Productions denies the allegations in paragraph 97.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## IX.   FIFTH CAUSE OF ACTION FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

### *(Plaintiff v. AAB, amfAR, and Does 1-100, inclusive)*

98.    Plaintiff hereby incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs.

ANSWER:  AAB Productions incorporates and realleges its responses set forth in paragraphs 1 through 97 above as if fully set forth here.

99.    As alleged above in the Fourth Cause of Action, ON was simultaneously in an economic relationship with Harry Winston and with AAB/amfAR, which relationships would have resulted in a commission fee to ON if it was able to bring the parties together to form a sponsorship/partnership.

ANSWER:  AAB Productions denies that Plaintiff was in an economic relationship with AAB Productions.  Except as otherwise denied, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99 and on that basis denies them

100.   The Defendants, and each of them, knew or should have known of this relationship, and knew or should have known that ON's relationship would be disrupted if Defendants, and each of them, failed to act with reasonable care, including by acting behind ON's back in communicating and agreeing to deals with the other side.

ANSWER:  AAB Productions denies the allegations in paragraph 100.

101.   The Defendants nonetheless secretly communicated with each other and formed the amfAR Partnership behind ON's back, a clear failure to act with reasonable care.

ANSWER:  AAB Productions denies the allegations in paragraph 101.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

102.   ON was harmed because its role in the amfAR Partnership was disrupted, and ON was cut out of its duly earned commission.  The Defendants' wrongful conduct was a substantial factor in causing ON's harm.

ANSWER:  AAB Productions denies the allegations in paragraph 102.

## X.   SIXTH CAUSE OF ACTION FOR MISAPPROPRIATION OF TRADE SECRETS (CAL. CIV. CODE 8 3426 ET SEQ.)

### *(Plaintiff v. AAB, amfAR, and Does 1-100, inclusive)*

103.   Plaintiff hereby incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs.

ANSWER:  AAB Productions incorporates and realleges its responses set forth in paragraphs 1 through 102 above as if fully set forth here.

104.   The Defendants misappropriated ON's trade secrets by improper means within the meaning of the California Uniform Trade Secrets Act, California Civil Code section 3426 et seq. ("**CUTSA**").

ANSWER:  Paragraph 104 contains legal conclusions to which no answer is required.  To the extent an answer may be required, AAB Productions denies the allegations in paragraph 104.

105.   The information provided by ON to the Defendants included "trade secrets" within the meaning of CUTSA, because ON's deal leads and creative consulting services regarding branding integration for high-end events constituted information that was not generally known to the public.

ANSWER:  AAB Productions denies the allegations in paragraph 105.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

106.   The Defendants, and each of them, obtained such trade secrets from ON by "improper means" within the meaning of CUTSA, including by misrepresentation and breaching agreed-upon duties to maintain secrecy.

ANSWER:   AAB Productions denies the allegations in paragraph 106.

107.   The Defendants, and each of them, engaged in "misappropriation" within the meaning' of CUTSA, because the Defendants each knew or had reason to know that they were inducing ON to share its information and services with the Defendants, with the expectation of being compensated in exchange.

ANSWER:   Paragraph 107 contains legal conclusions to which no answer is required.  To the extent an answer may be required, AAB Productions denies the allegations in paragraph 107.

108.   The Defendants, and each of them, were unjustly enriched because their misappropriation of ON's trade secrets caused them to receive a benefit they, and each of them, would not otherwise have achieved.

ANSWER:   Paragraph 108 contains legal conclusions to which no answer is required.  To the extent an answer may be required, AAB Productions denies the allegations in paragraph 108.

109.   ON did not consent to this misappropriation.

ANSWER:   AAB Productions denies the allegations in paragraph 109.

110.   ON has been harmed by each of said Defendants' misappropriation of trade secrets, and each of said Defendants' conduct was a substantial factor in causing ON's harm.  As a direct and proximate result of such misappropriation, ON has suffered actual, special, incidental, and consequential damages, and is entitled to restitution for said Defendants' unjust enrichment, in an amount according to proof.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    ANSWER:  AAB Productions denies the allegations in paragraph 110.

2

3        111.   Furthermore, each of said Defendants engaged in the above-described

4    actions in a bad faith, oppressive, fraudulent and malicious manner.  Their conduct,

5    therefore, warrants the imposition of punitive damages.

6        ANSWER:  Paragraph 111 contains legal conclusions to which no answer is

7    required.  To the extent an answer may be required, AAB Productions denies the

8    allegations in paragraph 111.

9

10   **XI.    SEVENTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY**

11   **DUTY**

12   *(Plaintiff v. AAB, amfAR, and .Does 1-100, inclusive)*

13       112.   Plaintiff hereby incorporates by reference and realleges each of the

14   allegations set forth in the preceding paragraphs.

15       ANSWER:  AAB Productions incorporates and realleges its responses set

16   forth in paragraphs 1 through 111 above as if fully set forth here.

17

18       113.   As alleged above, each of the Defendants voluntarily entered into

19   agreements with ON, including the NDA, contemplating that ON would provide

20   creative consulting services, including by introducing Harry Winston to AAB/amfAR

21   for purposes of establishing the amfAR Partnership.  As parties to these agreements,

22   the Defendants engaged in a partnership with ON, because there was the

23   understanding that, in exchange for ON's services, that ON would share a percentage

24   of the value of any deal that closed between Hany Winston and AAB/amfAR.  As

25   partners, the Defendants at all times owed ON the fiduciary duties of disclosure,

26   loyalty, and care.

27       ANSWER:  AAB Productions admits that on or about October 2, 2013, Mr.

28   Boose executed a document entitled a "Non-Circumvention, Non-Disclosure and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Compensation Agreement" (the "NDA") that was also executed by Ms. Epao Cihlar and Mr. Kutzer.  Except as otherwise admitted, AAB Productions denies the allegations in paragraph 113.

114.   Pursuant to such fiduciary duties, the Defendants were required to act in the utmost good faith towards ON, and to act in the best interests of ON.  By virtue of this fiduciary relationship, ON reposed trust and confidence in the integrity of the Defendants.  ON provided no cause for the Defendants to act in any manner inconsistent with this fiduciary relationship.

ANSWER:  AAB Productions denies the allegations in paragraph 114.

115.   The Defendants intended to induce ON to rely on their fiduciary relationship, and in reasonable reliance thereon, ON was induced to, and did continue its fidelity to each of the Defendants, while working to foster a business relationship between the parties.

ANSWER:  AAB Productions denies the allegations in paragraph 115.

116.   The Defendants, and each of them, have breached their fiduciary duties, including the duties of disclosure, loyalty, and care to ON by engaging in the acts alleged above.

ANSWER:  AAB Productions denies the allegations in paragraph 116.

117.   As a direct and foreseeable result of these breaches of fiduciary duty by the Defendants, ON has sustained damages in an amount according to proof, but within the unlimited jurisdiction of this Court.

ANSWER:  AAB Productions denies the allegations in paragraph 117.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

118.   The aforementioned conduct was intended by the Defendants to deprive ON of property and legal rights and otherwise cause injury, and was conduct that continues to subject ON to cruel and unjust hardship, and oppression in conscious disregard of its rights.  All of the Defendants' conduct was ratified, approved, or otherwise undertaken by a managing agent so as to justify the imposition and award of punitive damages.

ANSWER:  Paragraph 118 contains legal conclusions to which no answer is required.  To the extent an answer may be required, AAB Productions denies the allegations in paragraph 118.

## XII.  EIGHTH CAUSE OF ACTION FOR RESTITUTION/ UNJUST ENRICHMENT

### (Plaintiff v. AAB, amfAR, and Does 1-100, inclusive)

119.   Plaintiff hereby incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs.

ANSWER:   AAB Productions incorporates and realleges its responses set forth in paragraphs 1 through 118 above as if fully set forth here.

120.   The Defendants, and each of them, received and appreciated substantial economic benefits from the opportunities and information disclosed to them by ON.

ANSWER:  AAB Productions denies the allegations in paragraph 120.

121.   Specifically, Harry Winston sought ON's services for purposes of finding a sponsorship/partnership opportunity, and AAB/amfAR sought ON's services for purposes of finding a potential sponsor/partner for its international galas. ON introduced the parties to each other and facilitated negotiations between the parties, which led to the amfAR Partnership, which has provided and continues to provide mutual benefits to Defendants.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER:   To the extent the allegations in this paragraph are directed against AAB Productions, AAB Productions denies the allegations in paragraph 121.  To the extent the allegations in paragraph 121 are directed against defendants other than AAB Productions, AAB Productions lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121 and on that basis denies them.

122.   However, the Defendants accepted and retained these benefits by forming the amfAR Partnership behind ON's back, after ON had done the "leg work" of bringing the parties together and starting negotiations.  As such, their retention without payment to ON would result in the unjust enrichment of the Defendants at the expense of ON.

ANSWER:   AAB Productions denies the allegations in paragraph 122.

123.   ON is therefore entitled to an order of restitution against the Defendants, and each of them, herein requiring them to disgorge all benefits conferred upon them, and each of them, by ON.

ANSWER:   AAB Productions denies the allegations in paragraph 123.

## XIII.  NINTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL
### *(Plaintiff v. All Defendants)*

124.   Plaintiff hereby incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs.

ANSWER:   AAB Productions incorporates and realleges its responses set forth in paragraphs 1 through 123 above as if fully set forth here.

125.   The Defendants made clear representations and promises in furtherance of the NDA and the other aforementioned agreements with respect to a prospective

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   amfAR Partnership - namely, that they would pay ON a commission if ON delivered

2   and helped consummate an opportunity for a sponsorship/partnership.

3        ANSWER:   AAB Productions denies the allegations in paragraph 125.

4

5        126.   In reasonable and foreseeable reliance of these representations and

6   promises, ON disclosed confidential and proprietary information and provided

7   consulting services to the Defendants, which such information and services would

8   have inured to ON's benefit had Defendants kept their promises.

9        ANSWER:   Paragraph 126 contains legal conclusions to which no answer is

10  required.  To the extent an answer may be required, AAB Productions denies the

11  allegations in paragraph 126.

12

13       127.   ON was injured by its reliance, as the Defendants engaged in

14  negotiations and entered into the amfAR Partnership together at the last minute,

15  independent of ON, and without obtaining ON's consent or remitting payment to ON.

16       ANSWER:   AAB Productions denies the allegations in paragraph 127.

17

18       128.   As a consequence, ON is entitled to damages in an amount according to

19  proof.

20       ANSWER:   AAB Productions denies the allegations in paragraph 128.

21

22               **XIV.   PRAYER FOR RELIEF**

23       The allegations in the prayer do not require a response, but to the extent that it

24  contains additional allegations, AAB Productions denies them and denies that

25  Plaintiff has been harmed or that Plaintiff is entitled to any relief from AAB

26  Productions.

27

28

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## ADDITIONAL DEFENSES

AAB Productions asserts the following additional defenses in response to the allegations of the complaint.  AAB Productions reserves the right to amend this answer with additional defenses as further information is obtained.  By alleging these additional defenses, AAB Productions is not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

### First Additional Defense

1.      The complaint and each of its causes of action fail to state a claim upon which relief can be granted.

### Second Additional Defense

2.      The First Cause of Action for Breach of Express Oral and Written Contract is barred because of the failure of a condition precedent.

### Third Additional Defense

3.      The First Cause of Action for Breach of Express Oral and Written Contract is barred because Plaintiff cannot show the existence of an enforceable contract.

### Fourth Additional Defense

4.      The Fourth and Fifth Causes of Action for Intentional and Negligent Interference with Prospective Economic Relations are barred because Plaintiff cannot show that AAB Productions engaged in any wrongful conduct.

### Fifth Additional Defense

5.      The Fifth Cause of Action for Negligent Interference with Prospective Economic Relations and Seventh Cause of Action for Breach of Fiduciary Duty are barred because Plaintiff cannot show that AAB Productions owed Plaintiff a duty of care.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Sixth Additional Defense**

6.     The Fifth Cause of Action for Negligent Interference with Prospective Economic Relations and Seventh Cause of Action for Breach of Fiduciary Duty are barred because to the extent AAB Productions did owe some duty of care, AAB Productions performed all duties owed.

**Seventh Additional Defense**

7.     The Sixth Cause of Action for Misappropriation of Trade Secrets is barred because Plaintiff cannot prove the existence of any trade secrets.

**Eighth Additional Defense**

8.     The Sixth Cause of Action for Misappropriation of Trade Secrets is barred because the alleged trade secret information, if any, does not qualify for trade secret protection due to voluntary disclosure.

**Ninth Additional Defense**

9.     The Sixth Cause of Action for Misappropriation of Trade Secrets is barred because the alleged trade secret information, if any, is readily ascertainable by proper means.

**Tenth Additional Defense**

10.     If any of AAB Productions' acts constitute a breach of fiduciary duty, which AAB Productions denies, Plaintiff, through its conduct, representations, and omissions has ratified AAB Productions' alleged conduct.

**Eleventh Additional Defense**

11.     AAB Productions acted reasonably, in good faith, and with due care at all material times, based on all relevant facts and circumstances known by AAB Productions at the time it acted.

**Twelfth Additional Defense**

12.     The complaint and each of its causes of action are barred because AAB Productions' conduct was reasonable and justified.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## Thirteenth Additional Defense

13.     The complaint and each of its causes of action are barred because any injuries suffered by Plaintiff were caused by its own conduct.

## Fourteenth Additional Defense

14.     The complaint and each of its causes of action are barred because any damages suffered by Plaintiff were not proximately caused by AAB Productions.

## Fifteenth Additional Defense

15.     The complaint and each of its causes of action are barred because Plaintiff failed to mitigate its damages, if any.

## Sixteenth Additional Defense

16.     The complaint and each of its causes of action are barred by the doctrine of unjust enrichment.

## Seventeenth Additional Defense

17.     The complaint and each of its causes of action are barred by the doctrine of unclean hands.

## Eighteenth Additional Defense

18.     The complaint and each of its causes of action are barred by the doctrines of laches, waiver, and/or estoppel.

## Nineteenth Additional Defense

19.     The complaint, to the extent that it seeks statutory, exemplary, or punitive damages, violates AAB Productions' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and under Article I, Section 7 of the Constitution of the State of California, and therefore fails to state a cause of action upon which damages may be awarded.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Twentieth Additional Defense**

20.     The complaint and each of its causes of action are barred in whole or in part by the prohibition against excessive fines in Article I, Section 17 of the Constitution of the State of California.

AAB Productions prays for relief as follows:

1.     That Plaintiff take nothing by reason of the complaint in this matter, and that judgment be rendered in favor of AAB Productions and against Plaintiff;

2.     That AAB Productions recover its costs and attorneys' fees in this action pursuant to the NDA and as allowed by law; and

3.     For such other relief as the Court deems just and proper.

DATED: September 23, 2016            DAVIS WRIGHT TREMAINE LLP
                                     SEAN M. SULLIVAN
                                     DIANA PALACIOS


                                     By: */s/ Sean M. Sullivan*
                                                    Sean M. Sullivan

                                     Attorneys for Defendant
                                     AAB PRODUCTIONS, INC.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

For all jury-triable issues, AAB Productions hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 23, 2016

DAVIS WRIGHT TREMAINE LLP
SEAN M. SULLIVAN
DIANA PALACIOS


By: */s/ Sean M. Sullivan*
                    Sean M. Sullivan

Attorneys for Defendant
AAB PRODUCTIONS, INC.

ANSWER TO COMPLAINT
DWT 30395899v1 0107199-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899