1  OGLETREE, DEAKINS,
   NASH, SMOAK & STEWART, P.C.
2  Christopher F. Wong (142507)
3  David Z. Feingold (280194)
   400 South Hope Street, Suite 1200
4  Los Angeles, California  90071
   Telephone:  (213) 239-9800
5  Facsimile:  (213) 239-9045
6  christopher.wong@ogletreedeakins.com
   david.feingold@ogletreedeakins.com
7

8  Attorneys for Defendant
   THE FOUNDATION FOR AIDS
9  RESEARCH dba amfAR

10          **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA**

12

13 | OPTIKAL NOIZE, INC., a California corporation, | Case No. 2:16-cv-06528-GW (MRWx) |

14 |  |  |

Plaintiff,

**ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH**

15

16          v.

Complaint Filed:   August 1, 2016
Trial Date:        None set

17 AAB PRODUCTIONS, INC., a New
   York corporation; THE FOUNDATION
18 FOR AIDS RESEARCH, a New York
   not-for-profit corporation, dba amfAR;
19 HARRY WINSTON, INC., a New York
   corporation; and DOES 1-100,
20 INCLUSIVE,

21          Defendants.

22

23

24

25

26

27

28

26173447_2.docx

Defendant The Foundation for AIDS Research dba amfAR ("amfAR") hereby answers for itself only the Complaint filed in this action by plaintiff Optikal Noize, Inc. ("Plaintiff") as follows:

## NATURE OF THE ACTION

1.      In response to paragraph 1 of the Complaint, amfAR denies all of Plaintiff's allegations.

2.      In response to paragraph 2 of the Complaint, amfAR denies all of Plaintiff's allegations.

3.      In response to paragraph 3 of the Complaint, amfAR admits that it has received assistance and services from defendant AAB Productions, Inc. ("AAB") in connection with the production of charitable events and locating sponsors.  With respect to the allegations regarding the purported actions of defendant Harry Winston, Inc. ("Harry Winston"), amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.  Except as expressly stated, amfAR denies Plaintiff's allegations.

4.      In response to paragraph 4 of the Complaint, amfAR denies all of Plaintiff's allegations.

5.      In response to paragraph 5 of the Complaint, amfAR denies all of Plaintiff's allegations.

## PARTIES

6.      In response to paragraph 6 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

7.      In response to paragraph 7 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

///

ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH

8.      In response to paragraph 8 of the Complaint, amfAR is informed and believes that Harry Winston is a subsidiary of The Swatch Group and has engaged in the business of selling jewelry and timepieces.  With respect to the remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

9.      In response to paragraph 9 of the Complaint, amfAR admits that:  (i) it is a not-for-profit corporation; (ii) it maintains its headquarters in New York; (iii) it has held fundraisers and events in California; (iv) it is dedicated to the support of HIV/AIDS research, education, and advocacy; and (v) Shameek Bose ("Bose") has held the position of "Business Partnerships Manager" at amfAR.  Except as expressly admitted, amfAR denies Plaintiff's allegations.

10.     In response to paragraph 10 of the Complaint, amfAR admits that AAB has engaged in event planning and production.  With respect to the remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

11.     In response to paragraph 11 of the Complaint, amfAR states that the paragraph does not contain any material allegations requiring a response.

12.     In response to paragraph 12 of the Complaint, amfAR denies all of Plaintiff's allegations.

13.     In response to paragraph 13 of the Complaint, amfAR denies all of Plaintiff's allegations.

14.     In response to paragraph 14 of the Complaint, amfAR denies all of Plaintiff's allegations.

## JURISDICTION & VENUE

15.     In response to paragraph 15 of the Complaint, amfAR admits that it has engaged in activity in the County of Los Angeles and denies that it entered into the alleged agreement or agreements (or any agreements at all) with Plaintiff or engaged Plaintiff to perform the alleged services (or any other services).  Except as expressly

stated, amfAR denies Plaintiff's remaining allegations.  Plaintiff's statements regarding the Superior Court of the State of California consist of legal conclusions and do not require a response.

16.    In response to paragraph 16 of the Complaint, amfAR denies that Plaintiff is owed any damages based on the claims alleged in this action.  Plaintiff's statements regarding the amount of damages alleged in this action consist of legal conclusions and do not require a response.

17.    In response to paragraph 17 of the Complaint, amfAR denies that it owed Plaintiff any of the alleged obligations.  Plaintiff's statements regarding the Superior Court of the State of California consist of legal conclusions and do not require a response.  With respect to the remaining allegations by Plaintiff, amfAR denies all such allegations.

## GENERAL ALLEGATIONS

A.    *The NDA Between ONI and AAB on Behalf of amfAR*

18.    In response to paragraph 18 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

19.    In response to paragraph 19 of the Complaint, amfAR admits that: (i) Andreas Kutzer ("Kutzer") contacted Bose in or about April 2013; (ii) Kutzer and Bose subsequently engaged in communications; and (iii) no agreement was reached or entered into by Plaintiff and amfAR.  With respect to the remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

20.    In response to paragraph 20 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

///

///

Case No. 2:16-cv-06528-GW (MRWx)
ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH

26173447_2.docx

21.    In response to paragraph 21 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

22.    In response to paragraph 22 of the Complaint, amfAR denies all of Plaintiff's allegations.

23.    In response to paragraph 23 of the Complaint, amfAR denies all of Plaintiff's allegations.

24.    In response to paragraph 24 of the Complaint, amfAR denies Plaintiff's characterization of the alleged agreement, which speaks for itself.  With respect to the remaining allegations by Plaintiff, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

B.    *Harry Winston's Independent Engagement of ONI*

25.    In response to paragraph 25 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

26.    In response to paragraph 26 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

27.    In response to paragraph 27 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

28.    In response to paragraph 28 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

29.    In response to paragraph 29 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH

30.    In response to paragraph 30 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

31.    In response to paragraph 31 of the Complaint, amfAR admits that on or about October 15, 2013, Bose and Kutzer engaged in communication by email. With respect to the remaining allegations in this paragraph, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

C.    *The GGF-Harry Winston Partnership*

32.    In response to paragraph 32 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

33.    In response to paragraph 33 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

34.    In response to paragraph 34 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

35.    In response to paragraph 35 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

36.    In response to paragraph 36 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

37.    In response to paragraph 37 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

///

ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH

D.      *The amfAR-Harry Winston Partnership*

38.      In response to paragraph 38 of the Complaint, amfAR admits that Kutzer sent Bose an email on or about February 14, 2014.  With respect to the remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

39.      In response to paragraph 39 of the Complaint, amfAR admits that Kutzer sent Bose an email on or about February 14, 2014.  With respect to the remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

40.      In response to paragraph 40 of the Complaint, amfAR admits that Kutzer sent Bose an email on or about February 14, 2014.  amfAR denies that Bose was authorized or empowered to enter into any alleged agreement on behalf of amfAR and denies that amfAR engaged Plaintiff to perform the alleged services (or any services) or entered into the alleged agreement (or any agreement) with Plaintiff. With respect to the remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

41.      In response to paragraph 41 of the Complaint, amfAR denies that Bose was authorized or empowered to enter into any alleged agreement on behalf of amfAR and denies that amfAR engaged Plaintiff to perform the alleged services (or any services) or entered into the alleged agreement (or any agreement) with Plaintiff. With respect to the remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

42.      In response to paragraph 42 of the Complaint, amfAR admits that Bose and Kutzer communicated by email in or about February and March 2014.  With

ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH

26173447_2.docx

respect to the remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

43.    In response to paragraph 43 of the Complaint, amfAR denies all of Plaintiff's allegations with respect to amfAR.  With respect to Plaintiff's allegations regarding AAB and Harry Winston, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

44.    In response to paragraph 44 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

45.    In response to paragraph 45 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

46.    In response to paragraph 46 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

47.    In response to paragraph 47 of the Complaint, amfAR admits that it denies and has denied Plaintiff's purported claims and demands for payment from amfAR.  With respect to the remaining allegations in this paragraph, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

## FIRST CAUSE OF ACTION FOR BREACH OF
## EXPRESS ORAL AND WRITTEN CONTRACT

48.    In response to paragraph 48 of the Complaint, amfAR incorporates by reference its full and precise responses to each of the referenced paragraphs of the Complaint.

///

49.     In response to paragraph 49 of the Complaint, amfAR denies all of Plaintiff's allegations.

50.     In response to paragraph 50 of the Complaint, amfAR denies Plaintiff's characterization of the alleged agreement, which speaks for itself.  With respect to Plaintiff's remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

51.     In response to paragraph 51 of the Complaint, amfAR denies Plaintiff's characterization of the alleged agreement, which speaks for itself.  With respect to Plaintiff's allegations regarding amfAR, amfAR denies all such allegations.  With respect to Plaintiff's remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

52.     In response to paragraph 52 of the Complaint, amfAR denies Plaintiff's characterization of the alleged agreement, which speaks for itself.  With respect to Plaintiff's remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

53.     In response to paragraph 53 of the Complaint, amfAR denies Plaintiff's characterization of the alleged agreement, which speaks for itself.  With respect to Plaintiff's remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

54.     In response to paragraph 54 of the Complaint, amfAR denies all of Plaintiff's allegations.

55.     In response to paragraph 55 of the Complaint, amfAR denies that Bose was authorized or empowered to enter into any alleged agreement on behalf of amfAR and denies that amfAR engaged Plaintiff to perform the alleged services (or

ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH

any services) or entered into the alleged agreement (or any agreement) with Plaintiff. amfAR admits that Bose and Kutzer engaged in communication by email on or about October 15, 2013 and February 14, 2014. With respect to Plaintiff's remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

56.    In response to paragraph 56 of the Complaint, amfAR denies all of Plaintiff's allegations.

57.    In response to paragraph 57 of the Complaint, amfAR denies all of Plaintiff's allegations.

58.    In response to paragraph 58 of the Complaint, amfAR denies all of Plaintiff's allegations.

59.    In response to paragraph 59 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

60.    In response to paragraph 60 of the Complaint, amfAR denies all of Plaintiff's allegations.

61.    In response to paragraph 61 of the Complaint, amfAR denies all of Plaintiff's allegations.

62.    In response to paragraph 62 of the Complaint, amfAR denies all of Plaintiff's allegations.

63.    In response to paragraph 63 of the Complaint, amfAR denies all of Plaintiff's allegations.

64.    In response to paragraph 64 of the Complaint, amfAR denies all of Plaintiff's allegations.

## SECOND CAUSE OF ACTION FOR
## BREACH OF EXPRESS ORAL CONTRACT

65.    In response to paragraph 65 of the Complaint, amfAR incorporates by reference its full and precise responses to each of the referenced paragraphs of the

1  Complaint.

2      66.    In response to paragraph 66 of the Complaint, amfAR is without

3  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

4  allegations and, on that basis, denies such allegations.

5      67.    In response to paragraph 67 of the Complaint, amfAR is without

6  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

7  allegations and, on that basis, denies such allegations.

8      68.    In response to paragraph 68 of the Complaint, amfAR is without

9  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

10  allegations and, on that basis, denies such allegations.

11      69.    In response to paragraph 69 of the Complaint, amfAR is without

12  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

13  allegations and, on that basis, denies such allegations.

14      70.    In response to paragraph 70 of the Complaint, amfAR is without

15  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

16  allegations and, on that basis, denies such allegations.

17      71.    In response to paragraph 71 of the Complaint, amfAR is without

18  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

19  allegations and, on that basis, denies such allegations.

20      72.    In response to paragraph 72 of the Complaint, amfAR is without

21  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

22  allegations and, on that basis, denies such allegations.

23      73.    In response to paragraph 73 of the Complaint, amfAR is without

24  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

25  allegations and, on that basis, denies such allegations.

26      74.    In response to paragraph 74 of the Complaint, amfAR is without

27  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

28  allegations and, on that basis, denies such allegations.

75.    In response to paragraph 75 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

76.    In response to paragraph 76 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

77.    In response to paragraph 77 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

78.    In response to paragraph 78 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

## THIRD CAUSE OF ACTION FOR
## BREACH OF IMPLIED-IN-FACT CONTRACT

79.    In response to paragraph 79 of the Complaint, amfAR incorporates by reference its full and precise responses to each of the referenced paragraphs of the Complaint.

80.    In response to paragraph 80 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

81.    In response to paragraph 81 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

82.    In response to paragraph 82 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

83.    In response to paragraph 83 of the Complaint, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's

1  allegations and, on that basis, denies such allegations.

2      84.     In response to paragraph 84 of the Complaint, amfAR is without

3  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

4  allegations and, on that basis, denies such allegations.

5      85.     In response to paragraph 85 of the Complaint, amfAR is without

6  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

7  allegations and, on that basis, denies such allegations.

8      86.     In response to paragraph 86 of the Complaint, amfAR is without

9  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

10  allegations and, on that basis, denies such allegations.

11      87.     In response to paragraph 87 of the Complaint, amfAR is without

12  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

13  allegations and, on that basis, denies such allegations.

14      88.     In response to paragraph 88 of the Complaint, amfAR is without

15  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

16  allegations and, on that basis, denies such allegations.

17      89.     In response to paragraph 89 of the Complaint, amfAR is without

18  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

19  allegations and, on that basis, denies such allegations.

20      90.     In response to paragraph 90 of the Complaint, amfAR is without

21  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

22  allegations and, on that basis, denies such allegations.

23      91.     In response to paragraph 91 of the Complaint, amfAR is without

24  sufficient knowledge or information to form a belief as to the truth of Plaintiff's

25  allegations and, on that basis, denies such allegations.

26  ///

27  ///

28  ///

Case No. 2:16-cv-06528-GW (MRWx)

ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH

## FOURTH CAUSE OF ACTION FOR INTENTIONAL

## INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

92.    In response to paragraph 92 of the Complaint, amfAR incorporates by reference its full and precise responses to each of the referenced paragraphs of the Complaint.

93.    In response to paragraph 93 of the Complaint, amfAR denies all of Plaintiff's allegations.

94.    In response to paragraph 94 of the Complaint, amfAR denies all of Plaintiff's allegations.

95.    In response to paragraph 95 of the Complaint, amfAR denies all of Plaintiff's allegations.

96.    In response to paragraph 96 of the Complaint, amfAR denies all of Plaintiff's allegations.

97.    In response to paragraph 97 of the Complaint, amfAR denies all of Plaintiff's allegations.

## FIFTH CAUSE OF ACTION FOR NEGLIGENT

## INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

98.    In response to paragraph 98 of the Complaint, amfAR incorporates by reference its full and precise responses to each of the referenced paragraphs of the Complaint.

99.    In response to paragraph 99 of the Complaint, amfAR denies all of Plaintiff's allegations.

100.    In response to paragraph 100 of the Complaint, amfAR denies all of Plaintiff's allegations.

101.    In response to paragraph 101 of the Complaint, amfAR denies all of Plaintiff's allegations.

102.    In response to paragraph 102 of the Complaint, amfAR denies all of Plaintiff's allegations.

## SIXTH CAUSE OF ACTION FOR MISAPPROPRIATION
## OF TRADE SECRETS (CAL. CIV. CODE § 3426 *ET SEQ.*)

103.    In response to paragraph 103 of the Complaint, amfAR incorporates by reference its full and precise responses to each of the referenced paragraphs of the Complaint.

104.    In response to paragraph 104 of the Complaint, amfAR denies all of Plaintiff's allegations.

105.    In response to paragraph 105 of the Complaint, amfAR denies all of Plaintiff's allegations.

106.    In response to paragraph 106 of the Complaint, amfAR denies all of Plaintiff's allegations.

107.    In response to paragraph 107 of the Complaint, amfAR denies all of Plaintiff's allegations.

108.    In response to paragraph 108 of the Complaint, amfAR denies all of Plaintiff's allegations.

109.    In response to paragraph 109 of the Complaint, amfAR denies all of Plaintiff's allegations.

110.    In response to paragraph 110 of the Complaint, amfAR denies all of Plaintiff's allegations.

111.    In response to paragraph 111 of the Complaint, amfAR denies all of Plaintiff's allegations.

## SEVENTH CAUSE OF ACTION FOR
## BREACH OF FIDUCIARY DUTY

112.    In response to paragraph 112 of the Complaint, amfAR incorporates by reference its full and precise responses to each of the referenced paragraphs of the Complaint.

113.    In response to paragraph 113 of the Complaint, amfAR denies all of Plaintiff's allegations.

114.   In response to paragraph 114 of the Complaint, amfAR denies all of Plaintiff's allegations.

115.   In response to paragraph 115 of the Complaint, amfAR denies all of Plaintiff's allegations.

116.   In response to paragraph 116 of the Complaint, amfAR denies all of Plaintiff's allegations.

117.   In response to paragraph 117 of the Complaint, amfAR denies all of Plaintiff's allegations.

118.   In response to paragraph 118 of the Complaint, amfAR denies all of Plaintiff's allegations.

## EIGHTH CAUSE OF ACTION FOR

## RESTITUTION/UNJUST ENRICHMENT

119.   In response to paragraph 119 of the Complaint, amfAR incorporates by reference its full and precise responses to each of the referenced paragraphs of the Complaint.

120.   In response to paragraph 120 of the Complaint, amfAR denies all of Plaintiff's allegations.

121.   In response to paragraph 121 of the Complaint, amfAR denies all of Plaintiff's allegations as they relate to amfAR.  With respect to the remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

122.   In response to paragraph 122 of the Complaint, amfAR denies all of Plaintiff's allegations.

123.   In response to paragraph 123 of the Complaint, amfAR denies all of Plaintiff's allegations.

///

///

///

ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH

26173447_2.docx

## NINTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

124.   In response to paragraph 124 of the Complaint, amfAR incorporates by reference its full and precise responses to each of the referenced paragraphs of the Complaint.

125.   In response to paragraph 125 of the Complaint, amfAR denies all of Plaintiff's allegations.

126.   In response to paragraph 126 of the Complaint, amfAR denies all of Plaintiff's allegations as they relate to amfAR.  With respect to the remaining allegations, amfAR is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies such allegations.

127.   In response to paragraph 127 of the Complaint, amfAR denies all of Plaintiff's allegations.

128.   In response to paragraph 128 of the Complaint, amfAR denies all of Plaintiff's allegations.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, amfAR denies that Plaintiff is entitled to any of the relief requested or any other relief at all.

## AFFIRMATIVE DEFENSES

Subject to and without waiving or limiting any of the foregoing, amfAR alleges the following affirmative defenses to Plaintiff's Complaint and each and every alleged cause of action.  Further, amfAR reserves the right to assert additional affirmative defenses in the event that discovery or investigation reveals or indicates that they are applicable.  By pleading these affirmative defenses, amfAR does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff.

///

///

///

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint and each cause of action contained therein fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Consideration)

The Complaint and each cause of action contained therein are barred, in whole or in part, by reason of the lack or inadequacy of consideration that defeats the effectiveness of any and all contracts alleged by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to do Equity)

The Complaint and each cause of action contained therein are barred, in whole or in part, because Plaintiff has failed to do equity in the matters alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each cause of action contained therein are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

The Complaint and each cause of action contained therein are barred, in whole or in part, because Plaintiff, by its conduct, representations and omissions, has waived, relinquished and abandoned, and is equitably estopped to assert, any claim for relief against amfAR respecting the matters that are the subject of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (State of Limitations)

The Complaint and each cause of action contained therein are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to,

26173447_2.docx

California Code of Civil Procedure §§ 337, 339, and 343, and California Civil Code § 3426.6.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint and each cause of action contained therein are barred, in whole or in part, under the doctrine of laches because Plaintiff knew, or should have known, of the purported facts supporting each alleged cause of action for an unreasonably long period of time prior to the commencement of this action and did not give notice thereof to amfAR, to amfAR's prejudice.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Authority)

The Complaint and each cause of action contained therein are barred, in whole or in part, because Bose, AAB and any other person or entity alleged to have acted on behalf of amfAR or to have bound amfAR with respect to any of the matters alleged by Plaintiff in this action lacked any authority, actual or apparent, to act or bind amfAR in any such manner whatsoever.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Required License or Registration)

Plaintiff is barred from any recovery under the Complaint because it lacks the requisite license, registration or other compliance with or under applicable law with respect to the actions and other matters alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Actions of Others)

The Complaint and each cause of action contained therein are barred, in whole or in part, because any injuries and/or damages that Plaintiff alleges it suffered (which amfAR disputes) were proximately caused and/or contributed to by the actions of Plaintiff or others, and by reason thereof any recovery by Plaintiff must be reduced or barred due to the proportionate fault of such parties.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Nonperformance)

The Complaint and each cause of action contained therein are barred, in whole or in part, because of Plaintiff's nonperformance of obligations and duties owed under the alleged agreements or otherwise with respect to the matters alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Speculative and Uncertain Damages)

The Complaint and each cause of action contained therein are barred, in whole or in part, because Plaintiff's alleged damages (which amfAR disputes) are speculative and uncertain and, therefore, not compensable.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Complaint and each cause of action contained therein are barred, in whole or in part, because of Plaintiff's failure to mitigate the damages it claims to have suffered.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiff's Complaint and each cause of action contained therein are barred, in whole or in part, because Plaintiff was aware, or in the exercise of reasonable care should have been aware, of each and all conditions and circumstances that existed or prevailed in any dealings between Plaintiff and any of the defendants in this action, was in possession of specific material information concerning the risks, knowingly and voluntarily exposed itself to each and every risk which may have existed under such conditions and circumstances, and assumed the risks inherent in the alleged dealings between itself and each of the defendants in this action.

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Information Readily Ascertainable by Proper Means)

With respect to the alleged Sixth Cause of Action in the Complaint, Plaintiff is barred from any recovery because the purported trade secret or trade secrets alleged by Plaintiff were readily ascertainable by proper means at the time of the alleged events and dealings with each of the defendants in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

Plaintiff's First and Third Causes of Action in the Complaint are barred because of the failure of a condition precedent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Trade Secret Protection Due to Voluntary Disclosure)

Plaintiff's Sixth Cause of Action in the Complaint is barred because the alleged trade secret information, if any, does not qualify for trade secret protection due to voluntary disclosure.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Ratification of Alleged Conduct)

Plaintiff's Seventh Cause of Action in the Complaint is barred because, even assuming, *arguendo*, that amfAR's acts constitute a breach of fiduciary duty, which amfAR denies, Plaintiff, through its conduct, representations, and omissions ratified amfAR's alleged conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The Complaint and each cause of action alleged therein are barred, in whole or in part, by the doctrine of unjust enrichment.

///

///

///

Case No. 2:16-cv-06528-GW (MRWx)
ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH

26173447_2.docx

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

To the extent Plaintiff requests and seeks unspecified punitive damages, that request violates amfAR's right to procedural and substantive due process under the Constitutions of the United States and the State of California.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Excessive Fines)

The Complaint and each cause of action alleged therein are barred, in whole or in part, by the prohibition against excessive fines in the Constitution of the State of California.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Illegal and/or Voidable Contract)

The Complaint and each cause of action alleged therein are barred, in whole or in part, because the contract, as alleged in the Complaint, was illegal and/or voidable under applicable laws.

WHEREFORE, defendant amfAR prays as follows:

1.    That Plaintiff take nothing by its Complaint;

2.    For costs of suit and reasonable attorneys' fees, as applicable; and

3.    For such other and further relief as the Court deems just and proper.

DATED:  September 23, 2016

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ David Z. Feingold
Christopher F. Wong
David Z. Feingold

Attorneys for Defendant
THE FOUNDATION FOR AIDS RESEARCH dba amfAR

Case No. 2:16-cv-06528-GW (MRWx)

ANSWER BY DEFENDANT THE FOUNDATION FOR AIDS RESEARCH

26173447_2.docx