1  BLANK ROME LLP
   Jonathon Loeb (SBN 162758)
2  jloeb@blankrome.com
   Jeffrey Rosenfeld (SBN 221625)
3  jrosenfeld@blankrome.com
   Samuel D. Levy (*pro hac vice*)
4  slevy@blankrome.com
   Craig M. Flanders (*pro hac vice*)
5  cflanders@blankrome.com
   2029 Century Park East, 6th Floor
6  Los Angeles, California 90067
   Telephone:  424.239.3400
7  Facsimile:  424.239.3434

8  Counsel for Defendant,
   HARRY WINSTON, INC.

9

10         UNITED STATES DISTRICT COURT
             DISTRICT OF CALIFORNIA

11

12  OPTIKAL NOIZE, INC.,                    Case No. 2:16-cv-06528-GW-MRW

13                   Plaintiff,

14       vs.                                **DEFENDANT HARRY WINSTON,
                                            INC.'S ANSWER TO
15  AAB PRODUCTIONS, INC., a New York       COMPLAINT**
    Corporation; THE FOUNDATION FOR
16  AIDS RESEARCH, a New York not-for-
    profit corporation, dba amfAR; HARRY
17  WINSTON, INC., a New York corporation;
    and DOES 1-100, INCLUSIVE,

18                   Defendants.

19

20

21

22

23

24

25

26

27

28

123176.00602/103492329v.1

HWI Harry Winston, Inc. ("HWI" or "Defendant"), by and through its counsel, Blank Rome LLP, answers the averments set forth in Plaintiff Optikal Noize, Inc.'s ("Plaintiff") August 1, 2016 Complaint (the "Complaint"), originally filed in the Superior Court of the State of California, County of Los Angeles under Index No. BC 629095, as numbered herein, and asserts affirmative defenses to the Complaint as follows:

In responding to the Complaint, HWI denies all allegations contained therein unless specifically admitted below.

## NATURE OF THE CASE

1.    HWI admits that Plaintiff purports to bring a claim for HWI's alleged failure to remit a consulting fee to Plaintiff pursuant to an alleged oral agreement that Plaintiff claims exists with HWI.  However, HWI denies that it is liable to Plaintiff or any other party for the facts alleged in the Complaint or for any of the causes of action or theories of recovery alleged in the Complaint against HWI.  Plaintiff is not entitled to any relief or to damages or any payment.  HWI denies the allegations in paragraph 1.

2.    HWI admits that it was introduced to Defendant the Foundation for AIDS Research ("amfAR") but such introduction occurred many years before any introduction by Plaintiff.  HWI denies that Plaintiff made an introduction of HWI to amfAR.  HWI denies the allegations in paragraph 2.

3.    HWI admits that it explored various opportunities for sponsorship with various charitable organizations, including with amfAR, with whom HWI previously had a sponsorship relationship and with whom HWI was previously introduced and knew through a prior relationship dating to the 1990s.  HWI denies knowledge or information sufficient to respond to whether amfAR, with Defendant AAB Productions, Inc., ("AAB"), was seeking sponsorship opportunities for charity galas.

4.    HWI denies the allegations that it agreed to convey a consulting fee to Plaintiff or any fee based upon "the final deal's value."  HWI denies knowledge or

information sufficient to respond to the allegations concerning if and why Plaintiff entered into a non-disclosure agreement (the "NDA") with AAB or any other party and denies the remaining allegations in paragraph 4.

5.      HWI admits that Plaintiff had negotiations with amfAR concerning an HWI sponsorship arrangement, but denies knowledge or information regarding the specific nature or details of such negotiations or communications and denies that HWI committed to tender any fee or consideration to Plaintiff or that HWI owes to Plaintiff any fee or commission.  HWI admits that Plaintiff seeks in its lawsuit commission fees that Plaintiff falsely claims are owed to it by HWI, but HWI denies the remaining allegations in paragraph 5.

## PARTIES

6.      HWI denies knowledge or information sufficient to respond to the allegations in paragraph 6 concerning whether Plaintiff is incorporated, or exists under the laws of the State of California.  HWI admits that Plaintiff, at one point, acted as an agency which worked with brands to arrange sponsorships, but HWI denies knowledge or information concerning any other aspect of Plaintiff's general or specific business and denies the remaining allegations in paragraph 4.

7.      HWI denies knowledge or information sufficient to respond to the allegations in paragraph 7 concerning the positions, duties, or titles of Nancy Epao Cihlar or Andreas Kutzer or when they worked for Plaintiff.  HWI denies the remaining allegations in paragraph 7.

8.      HWI admits the allegations of paragraph 8.

9.      HWI admits the allegations of paragraph 9 that amfAR is an international non-profit organization that is headquartered in New York and which conducts business and events in California, among other places.  HWI denies knowledge or information sufficient to respond to the allegations in paragraph 9 concerning the other activities of amfAR including the duties of Shameek Bose.

10.    HWI denies knowledge or information sufficient to respond to the allegations in paragraph 10 concerning AAB and Mr. Boose.

11.    HWI admits the allegations of paragraph 11 that Plaintiff sometimes refers to HWI as a "Defendant" or "Defendants," but denies that Plaintiff's reference to "Defendants" in the Complaint always means or refers to HWI and denies such reference refers to any actual or imputed activities, behavior, allegations, or claims of or attributed to HWI by its use of "Defendants."

12.    HWI denies the allegations of paragraph 12 which refer to alleged acts or omissions "constituting breach by the Defendants" or that any such acts or omissions shall "be proven at trial."  HWI denies knowledge or information to respond to the allegation concerning whether Plaintiff may seek Court leave to amend its Complaint and denies that any such amendment is available to Plaintiff, referring to the Court all questions or conclusions of law alleged therein.

13.    The allegations in paragraph 13 refer to fictitious parties, Does 1-100, to which HWI has no knowledge or information, and refers to the Court all questions or conclusions of law alleged therein.  HWI denies any allegations in paragraph 13 which reference or contemplate activities or conduct attributed to HWI.

14.    HWI denies the allegations in paragraph 14 which refer to activities, conduct, or omissions attributed to HWI relative to HWI acting or being an agent or employee of another defendant.  HWI is not an agent or employee of any other party in this lawsuit, and denies knowledge or information sufficient to respond to the allegations in paragraph 14 concerning the relationship of the other Defendants.

## JURISDICTION AND VENUE

15.    HWI denies the allegations in paragraph 15 which refer to the conduct or activities of HWI.  Because the jurisdiction allegations in paragraph 15 include conclusions of law to which no response is required, HWI denies knowledge or information to respond to the allegations about the bases of jurisdiction over AAB and amfAR or the nature of the services, if any, Plaintiff furnished to AAB or amfAR.

HWI admits that it conducts business in California. HWI denies knowledge or information about the NDA or its contents or that the NDA confers jurisdiction over amfAR and/or AAB.

16.    HWI denies the allegations in paragraph 16.

17.    HWI denies the allegations in paragraph 17 which refer to whether the Los Angeles Superior Court has jurisdiction over HWI and which refer to HWI's knowledge about where Plaintiff conducts business or is incorporated. HWI denies knowledge or information concerning the extent to which AAB and amfAR were aware of Plaintiff's place of incorporation or where Plaintiff conducts business. HWI denies the remaining allegations in paragraph 17.

## GENERAL ALLEGATIONS

18.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 18, and therefore, denies the allegations in paragraph 18.

19.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 19, and therefore, denies the allegations in paragraph 19.

20.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 20, and therefore, denies the allegations in paragraph 20.

21.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 21, and therefore, denies the allegations in paragraph 21.

22.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 22, and therefore, denies the allegations in paragraph 22.

23.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 23, and therefore, denies the allegations in paragraph 23.

24.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 24, and therefore, denies the allegations in paragraph 24. HWI refers to the Court all questions or conclusions law alleged in paragraph 24 concerning the NDA and its meaning.

25.    HWI denies that Plaintiff "had been presenting sponsorship opportunities to TSG [the Swatch Group Ltd.] for several years." Plaintiff has not submitted sponsorship opportunities directly to The Swatch Group Ltd., a holding company. HWI admits that it had a previous relationship with Plaintiff concerning a specific and isolated sponsorship matter involving the Global Gift Foundation ("GGF") to which Plaintiff was paid a fee by HWI, but which sponsorship was terminated by HWI because Plaintiff failed and neglected to properly vet and research GGF, causing HWI financial loss and embarrassment when it was later revealed that GGF was not a registered 501(c)(3) not-for-profit. HWI denies the remaining allegations in paragraph 25 and denies that any prior relationship HWI had with Plaintiff concerns, is related to, or pertains to the claims and allegations, and demand for payment or consideration, in the matter identified in the Complaint.

26.    HWI admits that Plaintiff's Ms. Epao sent an email to HWI's Mr. Ghalayini on 26 September 2013 but refers to the Court the content and meaning of such email, which speaks for itself; HWI denies that the email referenced only refers to the subject matter identified in paragraph 26.

27.    HWI admits that HWI's Mr. Ghalayini and Plaintiff's Ms. Epao had telephone conversations concerning GGF and possible other matters, but denies that any commitment was made by HWI to Plaintiff during such calls (or at other times) and denies that the issue of amfAR's prior documented relationship with amfAR was not addressed. Plaintiff knew or should have known through published reports that

amfAR and HWI had a prior sponsorship relationship; it was not incumbent upon Mr. Ghalayini to disclose such well-known prior relationship.  HWI denies the remaining allegations in paragraph 27.

28.     HWI admits the allegations in paragraph 28 that HWI's Mr. Ghalayini sent a 1 October 2013 email to Plaintiff's Ms. Epao, the contents of which speak for itself.  HWI denies that the email conveys a commitment by HWI as portrayed by Plaintiff in paragraph 28.  HWI admits the email states, "Please also see here what can be done" and states "This is a long term partnership and we would like to make it work."  Plaintiff otherwise improperly quotes the email.  HWI denies the remaining allegations in paragraph 28.

29.     HWI denies knowledge or information sufficient to respond to the allegations in paragraph 29 concerning the NDA and its execution.  HWI denies the allegations in paragraph 29 which refer to HWI.

30.     HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 30, and therefore, denies the allegations in paragraph 30.

31.     HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 31, and therefore, denies the allegations in paragraph 31.

32.     HWI admits that Plaintiff performed services directly related to a proposed GGF sponsorship which ultimately led to HWI's sponsorship of GGF.  HWI denies the remaining allegations in paragraph 32.

33.     HWI admits Plaintiff's Ms. Epao sent to HWI's Mr. Ghalayani a 30 September 2013 email which includes the quoted statement in paragraph 33.  HWI denies the remaining allegations in paragraph 33 and refers to the Court all questions or conclusions of law alleged therein.  The quoted passage of the 30 September 2013 email does not convey and commit HWI to anything, and its meaning is referred to the

1   Court for all legal conclusions, if any, that may be drawn from the language of such

2   passage.

3       34.   HWI admits that on 29 November 2013, Plaintiff's Ms. Epao sent an

4   email to HWI's Mr. Ghalayani including an Optikal Noize, Inc. "Invoice" in the

5   amount of $60,000, and that HWI remitted $60,000 to Plaintiff.  HWI denies the

6   remaining allegations in paragraph 34 and denies that such payment admitted any

7   HWI obligation or promise to Plaintiff or that HWI was aware such fee calculation

8   applied to any other discussions or dialog among HWI and Plaintiff.  HWI refers to

9   the Court all questions or conclusions of law alleged therein, including the meaning of

10  such Plaintiff "Invoice" and payment by HWI as pertaining to the allegations in the

11  Complaint, if any such meaning.

12      35.   HWI denies knowledge or information sufficient to respond to or form a

13  belief as to the truth of the allegations in paragraph 35 which pertain to when Plaintiff

14  discovered the GGF fraud or that GGF was not a registered not-for-profit.

15      36.   HWI denies knowledge or information sufficient to respond to or form a

16  belief as to the truth of the allegations in paragraph 36 which pertain to the motivation

17  of Plaintiff in informing HWI that Plaintiff discovered the GGF fraud or that GGF

18  was not a registered not-for-profit.  HWI denies the remaining allegations in

19  paragraph 35 and observes that Plaintiff knew or should have known about the GGF

20  fraud and non-registered not-for-profit status.

21      37.   HWI admits that Plaintiff's Ms. Epao met in New York on 10 December

22  2013 with certain HWI employees, including with Mr. Ghalayini.  HWI denies the

23  characterization of that meeting in paragraph 35 and denies the remaining allegations

24  in paragraph 37.

25      38.   HWI denies knowledge or information sufficient to respond to or form a

26  belief as to the truth of the allegations in paragraph 38, and therefore, denies the

27  allegations in paragraph 38.  HWI denies any representation in Plaintiff's identified

28

DEFENDANT HARRY WINSTON, INC.'S ANSWER

email which refers to or purports to confirm a relationship with HWI.  The email speaks for itself.

39.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 39, and therefore, denies the allegations in paragraph 39. HWI denies any representation in Plaintiff's identified email which refers to or purports to confirm a relationship with HWI. The email speaks for itself.

40.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 40, and therefore, denies the allegations in paragraph 40. HWI denies any representation in Plaintiff's identified email which refers to or purports to confirm a relationship with HWI. The email speaks for itself.

41.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 41, and therefore, denies the allegations in paragraph 41.

42.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 42, and therefore, denies the allegations in paragraph 42. HWI denies any representation in Plaintiff's identified emails which refers to or purports to confirm a relationship with HWI. The emails speak for themselves.

43.    HWI denies all allegations contained in paragraph 43 which pertain the statements, representations, and/or activities of HWI or that Plaintiff and HWI had an "agreement."  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 43 which pertain to the other Defendants, and therefore, denies such allegations. HWI denies any representation in any attributable conduct which refers to or purports to confirm a relationship between Plaintiff and HWI, but HWI admits that at all relevant times, HWI acted in good faith.

44.     HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 44, and therefore, denies the allegations in paragraph 44.  HWI denies that it has any sponsorship of AAB or any "partnership" agreement with AAB or amfAR.

45.     HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 45 concerning a purported meeting or cancellation of meeting between Plaintiff and amfAR or the reasons for such alleged cancelled meeting.  HWI denies that it had an "agreement" with Plaintiff or a "partnership" contract with amfAR.  HWI denies the remaining allegations in paragraph 45.

46.     HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 46, and therefore, denies the allegations in paragraph 46. HWI denies that it has a $53 million partnership with amfAR.

47.     HWI admits that Plaintiff and its counsel contacted HWI and its counsel in an attempt to extract an unearned consulting fee from HWI relative to services Plaintiff alleges it performed on behalf of HWI, and that HWI declined to advance any commission or service fee to Plaintiff.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in the remaining allegations in paragraph 47 pertaining to the other Defendants, and therefore, denies such allegations.

## FIRST CAUSE OF ACTION FOR BREACH OF EXPRESS ORAL AND WRITTEN CONTRACT

48.     HWI adopts and incorporates by reference, as though fully set forth herein, its answers and responses to paragraphs 1 through 47.

49.     HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 49 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 49.  HWI

denies any claim or suggestion in paragraph 49 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

50.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 50 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 50.  HWI denies any claim or suggestion in paragraph 50 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

51.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 51 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 51.  HWI denies any claim or suggestion in paragraph 51 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

52.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 52 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 52.  HWI denies any claim or suggestion in paragraph 52 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

53.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 53 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 53.  HWI denies any claim or suggestion in paragraph 53 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

54.     HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 54 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 54.  HWI denies any claim or suggestion in paragraph 54 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

55.     HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 55 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 55.  HWI denies any claim or suggestion in paragraph 55 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff or that the Defendants were negotiating a fee based upon an alleged agreement with HWI.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

56.     HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 56 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 56.  HWI denies any claim or suggestion in paragraph 56 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI denies, to the extent "Defendants" in paragraph 56 refers to HWI, any claim that HWI had to perform under any agreement.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

57.     HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 57 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 57.  HWI denies any claim or suggestion in paragraph 57 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff, and HWI denies that it authorized Plaintiff to 'reveal' Harry Winston as a proposed sponsor to any party as

part of any agreement between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

58.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 58 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 58.  HWI denies any claim or suggestion in paragraph 58 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

59.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 59 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 49.  HWI denies any claim or suggestion in paragraph 59 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

60.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 60 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 60.  HWI denies any claim or suggestion in paragraph 60 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI denies that it has or had a "53 million dollar partnership" with amfAR and denies that any relationship HWI has or had with amfAR was created or assisted by Plaintiff or any of Plaintiff's actions.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

61.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 61 to the extent such allegations do not pertain to HWI, and HWI therefore, denies such allegations in paragraph 61.  HWI denies any claim or suggestion in paragraph 61 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI denies that AAB or amfAR directed Plaintiff to HWI for the payment of any consulting or service fee

because no such fee by HWI is owed or due to Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

62.    HWI denies the allegations in paragraph 62 which pertain to the claimed 'breach' by HWI of the NDA or any other agreement.  There was no contract between HWI and Plaintiff.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the remaining allegations in paragraph 62 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 62.  HWI denies any claim or suggestion in paragraph 62 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

63.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 63 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 63.  HWI denies any claim or suggestion in paragraph 63 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI denies that Plaintiff has been injured as alleged in paragraph 63.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

64.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 64 which pertain to HWI, as such allegations do not directly pertain to HWI, and HWI therefore, denies the allegations in paragraph 64.  HWI denies any claim or suggestion in paragraph 64 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI denies that Plaintiff has been injured as alleged in paragraph 64.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

## SECOND CAUSE OF ACTION FOR BREACH OF EXPRESS ORAL CONTRACT

65.    HWI adopts and incorporates by reference, as though fully set forth herein, its responses and answers to paragraphs 1 through 64.

66.    HWI admits the allegation in paragraph 66 that an employee had telephone conversation regarding a proposed amfAR sponsorship negotiation, but HWI denies that any exchanges with Plaintiff created or contributed to a contract or agreement, verbal or implied, between HWI and Plaintiff – there is and was no such contract.  HWI denies the remaining allegations in paragraph 66 and refers to the Court all questions and conclusions of law alleged in this paragraph.

67.    HWI admits the allegations in paragraph 67 which refer to a 1 October 2013 email by HWI's Mr. Ghalayini to Plaintiff's Ms. Epao that referenced HWI being possibly "interested in the below event as exclusive Jewelry & Watch brand . . ." HWI denies that such email created or contributed to a verbal or implied contract or agreement between HWI and Plaintiff or directed Plaintiff to undertake any activities for or on behalf of HWI.  The Court is referred to the email for any questions or conclusions of law alleged therein.

68.    HWI denies the allegations in paragraph 68 and refers to the Court all questions or conclusions of law alleged therein.

69.    HWI denies the allegations in paragraph 69 and refers to the Court all questions or conclusions of law alleged therein.

70.    HWI denies the allegations in paragraph 70 which refer to a consulting fee, the amount of consulting fee, and the bases for a consulting fee, and refers to the Court all questions or conclusions of law alleged therein.  HWI denies the remaining allegations in paragraph 70.

71.     HWI denies the allegations in paragraph 71 and refers to the Court all questions or conclusions of law alleged therein.

72.    HWI denies the allegations in paragraph 72 and observes that it had a prior relationship with amfAR dating back to the 1990s and was well aware of, and had a sponsorship with amfAR decades before Plaintiff is alleged to have introduced amfAR to HWI.

73.    HWI denies the allegations in paragraph 73.

74.     HWI denies the allegations in paragraph 74 and refers to the Court all questions or conclusions of law alleged therein.

75.     HWI denies the allegations in paragraph 75 and refers to the Court all questions or conclusions of law alleged therein.  HWI denies that Plaintiff has suffered any injury.

76.     HWI denies the allegations in paragraph 76 and refers to the Court all questions or conclusions of law alleged therein.

77.     HWI denies the allegations in paragraph 77 which refer to Plaintiff's alleged consulting fee, the amount of consulting fee, and the bases for any consulting fee, and refers to the Court all questions or conclusions of law alleged therein.  HWI admits that it has declined to tender to Plaintiff a consulting fee because HWI does not owe to Plaintiff any fee or compensation.  HWI denies the remaining allegations in paragraph 77.

78.     HWI denies the allegations in paragraph 78.

### THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED-IN-FACT CONTRACT

79.     HWI adopts and incorporates by reference, as though fully set forth herein, its responses and answers to paragraphs 1 through 78.

80.     HWI denies the allegations in paragraph 80.

81.     HWI admits the allegations in paragraph 81 which refer to HWI tendering a payment to Plaintiff for the GGF sponsorship and denies the remaining allegations in paragraph 81 and denies that the content of any exchanges confirm, create, or contribute to a verbal or implied contract or agreement.

82.     HWI denies the allegations in paragraph 82.

83.     HWI denies the allegations in paragraph 83 which suggest or purport to allege the existence of a contract or agreement that HWI could 'manifest an intent to break,' and HWI denies the existence of any obligation to Plaintiff.  HWI denies the

remaining allegations in paragraph 83 and refers to the Court all questions or conclusions of law alleged there.

84.    HWI denies the allegations in paragraph 84 and refers to the Court all questions or conclusions of law alleged therein.

85.    HWI denies the allegations in paragraph 85 and refers to the Court all questions or conclusions of law alleged therein.

86.    HWI denies the allegations in paragraph 86 and refers to the Court all questions or conclusions of law alleged therein.

87.    HWI denies the allegations in paragraph 87 and refers to the Court all questions or conclusions of law alleged therein.

88.    HWI denies the allegations in paragraph 88 and refers to the Court all questions or conclusions of law alleged therein.  HWI denies that Plaintiff has been injured.

89.    HWI denies the allegations in paragraph 89 and refers to the Court all questions or conclusions of law alleged therein.

90.    HWI admits that Plaintiff requested payment by HWI of a consulting or service fee, which request was rejected by HWI because no such fee or consideration is due to Plaintiff.  HWI denies the allegations in paragraph 87 and refers to the Court all questions or conclusions of law alleged therein.

91.    HWI denies the allegations in paragraph 91 and refers to the Court all questions or conclusions of law alleged therein.  HWI denies that Plaintiff has been injured.

## FOURTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

92.    HWI adopts and incorporates by reference, as though fully set forth herein, its responses and answers to paragraphs 1 through 91.

93.    HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 93 as such allegations do not

pertain to HWI, and HWI therefore, denies the allegations in paragraph 93, including denying that allegations that pertain to HWI as "Defendants" as used in paragraph 93. HWI denies any claim or suggestion in paragraph 93 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

94.     HWI denies that it was introduced to amfAR by Plaintiff or that Plaintiff acted as 'matchmaker" or "intermediary" for or on behalf of HWI.  HWI further denies any allegations in paragraph 94 that refer to HWI when "Defendants" are identified.  HWI denies the allegations in paragraph 94 that pertain to any compensation or commission or fees due to Plaintiff as a result of any activities involving HWI, and refers to the Court all questions or conclusions of law alleged therein. HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 94 that refer to conduct or activities or theories about, concerning, or referring to AAB and amfAR as such allegations do not pertain to HWI, and HWI therefore, denies such allegations in paragraph 94.  HWI denies any claim or suggestion in paragraph 94 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

95.     HWI denies the allegations in paragraph 95 that it "secretly communicated" with AAB or amfAR or formed an "amfAR Partnership behind ON's back."  HWI denies the allegations in paragraph 95.

96.     HWI denies the allegations in paragraph 96.

97.     HWI denies the allegations in paragraph 97.

## FIFTH CAUSE OF ACTION FOR NEGLIGENT INTEREFENCE WITH PROSPECTIVE ECONOMIC RELATIONS

98.     HWI adopts and incorporates by reference, as though fully set forth herein, its responses and answers to paragraphs 1 through 97.

99.    HWI denies that it had "an economic relationship" with Plaintiff which "relationship would have resulted in a commission fee."  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the remaining allegations in paragraph 99 pertaining to AAB and amfAR, as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 99.  HWI denies any claim or suggestion in paragraph 99 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

100.    HWI denies that it had a "relationship" with Plaintiff as suggested or characterized in paragraph 100.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the remaining allegations in paragraph 100 as such allegations do not pertain to HWI, and HWI therefore, denies the allegations in paragraph 100, including denying the allegations that pertain to HWI as "Defendants" as used in paragraph 100.  HWI denies any claim or suggestion in paragraph 100 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.  HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

101.    HWI denies the allegations in paragraph 101.

102.    HWI denies the allegations in paragraph 102.

## SIXTH CAUSE OF ACTION FOR MISAPPROPRIATION OF TRADE SECRETS (CAL. CIV. CODE § 4326)

103.    HWI adopts and incorporates by reference, as though fully set forth herein, its responses and answers to paragraphs 1 through 102.

104.    HWI denies the allegations in paragraph 104 to the extent HWI is included in the term, "Defendants" as used in paragraph 104.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 104 that do not refer to HWI, and HWI therefore, denies

the allegations in paragraph 104, including denying the allegations that pertain to HWI as "Defendants" as used in paragraph 104.

105.   HWI denies the allegations in paragraph 105 to the extent HWI is included in the term, "Defendants" as used in paragraph 105.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 105 that do not refer to HWI, and HWI therefore, denies the allegations in paragraph 105, including denying the allegations that pertain to HWI as "Defendants" as used in paragraph 105.  HWI refers to the Court all questions or conclusions of law alleged therein.

106.   HWI denies the allegations in paragraph 106 to the extent HWI is included in the term, "Defendants" as used in paragraph 106.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 106 that do not refer to HWI, and HWI therefore, denies the allegations in paragraph 106, including denying the allegations that pertain to HWI as "Defendants" as used in paragraph 104.  HWI refers to the Court all questions or conclusions of law alleged therein.

107.   HWI denies the allegations in paragraph 107 to the extent HWI is included in the term, "Defendants" as used in paragraph 107.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 107 that do not refer to HWI, and HWI therefore, denies the allegations in paragraph 107, including denying the allegations that pertain to HWI as "Defendants" as used in paragraph 107.  HWI refers to the Court all questions or conclusions of law alleged therein.

108.   HWI denies the allegations in paragraph 108 and refers to the Court all questions or conclusions of law alleged there.

109.   HWI admits that Plaintiff did not consent to the misappropriation of any proprietary information of Plaintiff, but denies that HWI misappropriated anything

from or of Plaintiff, and denies that HWI engaged in any conduct in which 'misappropriation' could be alleged against HWI.

110. HWI denies the allegations in paragraph 110 and refers to the Court all questions or conclusions of law alleged therein. HWI denies that Plaintiff has been injured.

111. HWI denies the allegations in paragraph 111.

**SEVENTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**

112. HWI adopts and incorporates by reference, as though fully set forth herein, its responses and answers to paragraphs 1 through 111.

113. HWI denies that it entered into any agreement with Plaintiff or that HWI was introduced to amfAR by Plaintiff or that Plaintiff acted to engage HWI with amfAR for or on behalf of HWI. HWI further denies any allegations in paragraph 113 that refers to HWI when "Defendants" are identified. HWI denies the allegations in paragraph 113 that pertain to any compensation or commission or fees due to Plaintiff as a result of any activities involving HWI, and refers to the Court all questions or conclusions of law alleged therein. HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 113 that refer to conduct or activities or theories about, concerning, or referring to AAB and amfAR as such allegations do not pertain to HWI, and HWI therefore, denies such allegations in paragraph 113. HWI denies any claim or suggestion in paragraph 113 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff and HWI denies any "partnership with Plaintiff." HWI denies it owes or owed to Plaintiff a duty or fiduciary duty. HWI refers to the Court all questions and conclusions of law alleged in this paragraph.

114. HWI denies knowledge or information about the extent to which Plaintiff "reposed trust and confidence in the integrity of the Defendants." HWI denies the remaining allegations in paragraph 114 that pertain to or refer to HWI and refers to the Court all questions or conclusions of law alleged therein. HWI denies knowledge

or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 114 that refer to conduct or activities or theories about, concerning, or referring to AAB and amfAR as such allegations do not pertain to HWI, and HWI therefore, denies such allegations in paragraph 114.  HWI denies any claim or suggestion in paragraph 114 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.

115.   HWI denies knowledge or information about the extent to which Plaintiff "continued its fidelity to each of the Defendants, while working to foster a business relationship between the parties."  HWI denies the remaining allegations in paragraph 115 that pertain to or refer to HWI and refers to the Court all questions or conclusions of law alleged therein.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 115 that refer to conduct or activities or theories about, concerning, or referring to AAB and amfAR as such allegations do not pertain to HWI, and HWI therefore, denies such allegations in paragraph 115.  HWI denies any claim or suggestion in paragraph 115 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.

116.   HWI denies the allegations in paragraph 116.

117.   HWI denies the allegations in paragraph 117.

118.   HWI denies the allegations in paragraph 118.

## EIGHTH CAUSE OF ACTION FOR RESTITUTION/UNJUST ENRICHMENT

119.   HWI adopts and incorporates by reference, as though fully set forth herein, its responses and answers to paragraphs 1 through 118.

120.   HWI denies the allegations in paragraph 120 that pertain to or refer to HWI and any claimed "economic benefits" Plaintiff claims were derived by HWI, and refers to the Court all questions or conclusions of law alleged therein.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 120 that refer to conduct or activities or theories

about, concerning, or referring to AAB and amfAR as such allegations do not pertain to HWI, and HWI therefore, denies such allegations in paragraph 120.  HWI denies any claim or suggestion in paragraph 120 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.

121.   HWI denies that it "sought ON's services for purposes of finding a sponsorship/partnership opportunity."  HWI denies the remaining allegations in paragraph 121 that pertain to or refer to HWI and refers to the Court all questions or conclusions of law alleged therein.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 121 that refer to conduct or activities or theories about, concerning, or referring to AAB and amfAR as such allegations do not pertain to HWI, and HWI therefore, denies such allegations in paragraph 121.  HWI denies any claim or suggestion in paragraph 121 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.

122.   HWI denies the allegations in paragraph 122.

123.   HWI denies the allegations in paragraph 123.

**NINTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL**

124.   HWI adopts and incorporates by reference, as though fully set forth herein, its responses and answers to paragraphs 1 through 124.

125.   HWI denies the remaining allegations in paragraph 125 that pertain to or refer to HWI and its alleged conduct or promise to pay a commission to Plaintiff, and with regard to a claim "amfAR partnership," and refers to the Court all questions or conclusions of law alleged therein.  HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 125 that refer to conduct or activities or theories about, concerning, or referring to AAB and amfAR as such allegations do not pertain to HWI, and HWI therefore, denies such allegations in paragraph 125.  HWI denies any claim or suggestion in paragraph 125

that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.

126.   HWI denies that confidential or proprietary information was furnished to HWI by Plaintiff and that Plaintiff furnished consulting services to HWI that were not paid for or that were requested for a fee.  HWI denies all allegations in paragraph 126 that refer to HWI's conduct or acceptance of benefits. HWI denies knowledge or information sufficient to respond to or form a belief as to the truth of the allegations in paragraph 126 that refer to conduct or activities or theories about, concerning, or referring to AAB and amfAR as such allegations do not pertain to HWI, and HWI therefore, denies such allegations in paragraph 126.  HWI denies any claim or suggestion in paragraph 121 that a contract or agreement, verbal or implied, exists or existed between HWI and Plaintiff.

127.   HWI denies the allegations in paragraph 127.

128.   HWI denies the allegations in paragraph 128.

## PRAYER FOR RELIEF

HWI denies that Plaintiff is entitled to any of the relief prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of its investigation, discovery, preparation for trial, or otherwise, it becomes appropriate to assert such defenses, HWI alleges the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.   The Complaint and the cause of action therein fail to state a claim against HWI upon which relief can be granted.  There is no theory of recovery, or attending

factual prerequisites, against HWI adequately pleaded or available to Plaintiff, and there is no verbal contract or implied contract between HWI and Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Frauds / Statute of Limitations)

2.    Plaintiff's contract claims cannot be sustained under the Statute of Frauds and Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

#### (No Implied or Oral Contract)

3.    There are no set of facts, written or verbal exchanges, or correspondence to support that a verbal or oral or implied-in-fact contract exists between HWI and Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

#### (No Duplicative Relief)

4.    Plaintiff cannot seek the alternative remedies of breach or oral contract, breach of implied-in-fact contract, and/or promissory estoppel.  Plaintiff must choose its remedies.

### FIFTH AFFIRMATIVE DEFENSE

#### (Accord and Satisfaction )

5.    Plaintiff's claims are barred against HWI under the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages )

6.    Plaintiff failed to take affirmative or defense steps to mitigate its damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Parol Evidence)

7.    Plaintiff cannot submit extrinsic or parol evidence to evidence a verbal or implied-in-fact contract.

## EIGHTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

8.    Plaintiff's claims are barred by accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

(Third Parties)

9.    The matters that are the subject of this Complaint and the actions therein complained of are attributable to third-parties, including AAB and/or amfAR over whom HWI has no control or right to control, and recovery is therefore barred or proportionately reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

(Contribution / Indemnification)

10.    HWI is entitled to contribution and/or indemnification from and against AAB and/or amfAR for its actions and conduct if a verbal or implied-in-fact contract is imposed against HWI.

## ELEVENTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

11.    Plaintiff has waived its right to recover herein, in whole or in part, and/or are also barred by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

(Proportional Allocation of Fault)

12.    Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than HWI, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

///

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

13.    HWI reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.  HWI reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

WHEREFORE, HWI denies that Plaintiff is entitled to any of the relief sought and respectfully requests that the Court:

1.    Dismiss the Complaint with prejudice and enter judgment for HWI;

2.    Dismiss each claim against HWI with prejudice and without leave to replead;

3.    Award to HWI its costs and expenses incurred in defending this action; and

4.    Grant such other and further relief as the Court deems just and proper.

DATED:  September 23, 2016        BLANK ROME LLP


By: /s/ *Samuel D. Levy*
_____
Samuel D. Levy (*pro hac vice*)
Counsel for Defendant, HARRY WINSTON, INC.